J. CHRISTOPHER JORGENSEN
State Bar No. 5382
HEIDI PARRY STERN
State Bar No. 8873
JOHN E. BRAGONJE
State Bar No. 9519
LEWIS AND ROCA LLP
3993 Howard Hughes Pkwy., #600
Las Vegas, NV  89169
Tel: (702) 385-3373
Fax: (702) 949-8398

*Attorneys for Defendants Countrywide
Home Loans, Inc. and Recontrust Company*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FRANK TADDEO; AMELIA TADDEO; et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN INVSCO CORPORATION, a Delaware Corporation, et al.,<br><br>Defendants. | Case: 2:08-cv-01463-KJD-RJJ<br><br>**MOTION FOR ORDER CANCELING LIS PENDENS** |

I.

**INTRODUCTION**

Plaintiffs are a group of 15 persons who own condominiums in The Meridian Private Residences condominium complex (the "Meridian"). While plaintiffs collectively own just 13 of the condominiums in the Meridian complex, they have taken the unwarranted liberty of recording a lis pendens against all 678 condos in the complex, as well as the complex's common areas.

This court should cancel the lis pendens recorded by plaintiffs against any and all properties which are not owned by plaintiffs. In Nevada, a lis pendens can lawfully issue against a property only if the recorder (in this case plaintiffs) complies with the provisions of NRS 14.010 and NRS 14.015.  Plaintiffs have failed to comply with these requirements, including the requirement that plaintiffs recording a lis pendens must have some claim of entitlement to the real

1    property affected by the lis pendens.  Here, plaintiffs flout that requirement by encumbering the

2    property of others who are not even a part of this lawsuit.

3         By filing a universal lis pendens on all 678 condos at the Meridian, as well as on the

4    complex's common areas, the plaintiffs are ringing a false alarm.  Obviously, absent class

5    certification, the 15 plaintiffs cannot presume to litigate the property rights of hundreds of

6    nonparties.  But, by recording the lis pendens in question, plaintiffs are representing that they are

7    doing just that.

8         As a result, lender defendants such as Countrywide Home Loans, Inc. and Recontrust

9    Mortgage Co. NA (hereinafter collectively "Countrywide"), as well as hundreds of individual

10   homeowners, are unfairly prejudiced.  A condominium with a lis pendens on its title creates the

11   impression of being a "damaged good" that people either refuse to buy altogether, or for which

12   they will not pay a fair price.  If this court permits plaintiffs to continue to sound their false alarm,

13   Countrywide will suffer damages on the order of hundreds of thousand of dollars in coming

14   months as it is prevented from lawfully foreclosing and selling units to satisfy debts.

15        Countrywide asks that this court cancel the lis pendens recorded by plaintiffs against all

16   properties other than their own.

## II.

## FACTUAL BACKGROUND

### The Meridian Condominium Association Consists of 678 Units

20        The Meridian complex comprises five mid-rise condominium towers located on

21   approximately 16 acres of land in downtown Las Vegas.  (A true and correct copy of the Clark

22   County Assessor's map depicting the layout of the Meridian is attached hereto as Exhibit "A.")

23        The named plaintiffs, of whom there are currently 15 seek, but have not yet received, class-

24   action certification pursuant to Rule 23.  In their vaguely worded complaint, plaintiffs appear to

25   seek possession of an unspecified number of the units, rescission of each and every purchase

26   agreement by which plaintiffs acquired the units from certain of the defendants, modification of all

27   mortgages used to acquire the units, and money damages.  (Plaintiffs ask for the same relief in

28   behalf of each class member despite the fact that, at least with respect to the mortgages, each loan

contains unique provisions—different principal amounts, different security provisions, different terms, different lenders, etc.)

***Plaintiffs Collectively Own Only 13 Units But Have Recorded a Lis Pendens that Affects All 678 Units***

Plaintiffs collectively own just 13 of the 678 units at the Meridian. (Compl. ¶¶ 1-3.) They nevertheless assert a lis pendens encumbering all 678 units.[1] (A true and correct copy of the filed lis pendens, DE [58], is attached hereto as Exhibit "B"; (A true and correct copy of the as recorded lis pendens is attached hereto as Exhibit "C.") Plaintiffs' lis pendens also attempts to tie up all common areas at the Meridian by claiming to affect real property commonly known as the common area.

In addition to this "universal" lis pendens, plaintiffs have also recorded additional lis pendens on individual units at the Meridian, although their purpose for doing so remains unclear.[2]

### III.

### ARGUMENT

**A.     This Court Should Cancel Lis Pendens that Fail to Comply with the Requirements of Nevada Law**

A lis pendens is a "notice, recorded in the chain of title to real property, required or permitted in some jurisdictions to warn all persons that certain property is the subject matter of litigation, and that any interests acquired during the pendency of the suit are subject to its outcome." *Black's Law Dictionary* 942-43 (7th ed. 1999).

Nevada Revised Statutes section 14.010 permits a claimant in an action for the "foreclosure of a mortgage upon real property, or affecting the title or possession of real property" to record a notice of pendency of action. NRS 14.010; *see also Levinson v. Dist. Ct.*, 857 P.2d 18,

---

[1] The lis pendens is asserted against 680 parcels, ("APN 162-16-810-002 to 684"), every parcel associated with the Meridian according to publicly available tax records. Plaintiffs have since represented that the Meridian has 678 units. Countrywide is not aware of the reason for this discrepancy.

[2] In each case, the property against which plaintiffs filed these additional lis pendens does not appear to be owned by a named Plaintiff. (*See* subsequent lis pendens, attached hereto as Exhibit "D.") In addition to explaining what right they have to tie up the property interests of nonparties, plaintiffs must explain why they needed to record additional, individual lis pendens after recording the universal lis pendens, which purports to encumber all 678 units at the Meridian.

20 (Nev. 1993) (finding that lis pendens are intended to prevent the transfer or loss of real property which is the subject of a dispute).[3] Where, as here, a lis pendens proponent asserts a lis pendens without basis, this same statute provides a means for "canceling" it.[4] The cancellation hearing before this Court should take precedence over all other civil matters. *See* NRS 14.015(1).

**B.    Plaintiffs' Lis Pendens Must Be Cancelled Because They Cannot Establish Compliance with the Requirements of Nevada Law**

**1.    *Standard***

The recording party, here plaintiffs, bears the burden at the cancellation hearing to "establish to the satisfaction of the court" each of the following conditions:

(a) The action is for the foreclosure of a mortgage upon the real property described in the notice or affects the title or possession of the real property described in the notice;

(b) The action was not brought in bad faith or for an improper motive;

(c) [The recording party] will be able to perform any conditions precedent to the relief sought in the action insofar as it affects the title or possession of the real property; and

(d) [The recording party] would be injured by any transfer of an interest in the property before the action is concluded.

*Id.* at 14.015(2).  In addition to these four elements, the recording party must also "establish to the satisfaction of the court" that *either* of the following conditions is met:

(a) That [the recording party] is likely to prevail in the action; or

(b) That [the recording party] has a fair chance of success on the merits in the action and the injury described in paragraph (d) of subsection 2 would be sufficiently serious that the hardship on him in the event of a transfer would be greater than the hardship on the defendant resulting from the notice of pendency, and that if he prevails he will be entitled to relief affecting the title or possession of the real property.

---

[3] A lis pendens guarantees the court's jurisdiction and power over property which is the subject of litigation and prevents a party to the suit from withdrawing or alienating that property during the litigation so as to destroy the court's ability to act. *See Intermediary Fin. Corp. v. McKay*, 111 So. 531 (1927); *DePass v. Chitty*, 105 So. 148 (1925).  If a complaint will not support a claim against the property described in the lis pendens, there is no justification for tying up that property until the litigation is terminated. *See, e.g., Coral Isle W. Ass'n, Inc. v. Cindy Realty, Inc.*, 430 F. Supp. 396 (S.D. Fla.1977); *Tortu v. Tortu*, 430 So.2d 531 (Fla. Ct. App. 1983); *Dunn v. Stack*, 394 So.2d 1076 (Fla. Ct. App. 1981).

[4] These cancellation procedures apply to actions pending in the United States District Court for the District of Nevada. *See* NRS 14.010(2); *Hoff v. I.R.S.*, 2007 WL 121706, No. 2:06-cv-00748-RCJ-PAL, at *2 (D. Nev. Jan. 11, 2007).

1    *Id.* at 14.015(3).  *See also NGA #2 Ltd. Liability Co. v. Rains*, 113 Nev. 1151, 1163 (1997) (party

2    seeking to uphold a lis pendens must establish all statutory requirements).

3          In addition to these technical requirements, as a general proposition, a lis pendens cannot

4    be used to accomplish something that the underlying action cannot.  *See Urez Corp. v. Super. Ct.*,

5    235 Cal. Rptr. 837, 843 (Ct. App. 1987) ("It must be born in mind that the true purpose of the lis

6    pendens statute is to provide notice of pending litigation and not to make plaintiffs secured

7    creditors of defendants nor to provide plaintiffs with additional leverage for negotiating

8    purposes.").  A lis pendens simply reflects the claims against real property already put in issue by

9    the lawsuit; it cannot be used to create new rights or additional, unwarranted leverage.

10         **2.     *Plaintiffs Cannot Satisfy the Requirements of the Lis Pendens Statute***

11         Plaintiffs' lis pendens is fatally flawed under Nevada's lis pendens statute.  Plaintiffs have

12   purported to assert lis pendens either against or on behalf of hundreds of homeowners who are not

13   parties to this lawsuit and whose real property is not the subject of a claim or a defense in this

14   lawsuit.

15                    a.   Plaintiffs cannot invoke a lis pendens with respect to properties
                          owned by nonparties

16         A plaintiff is not entitled to encumber the property of persons who are not parties to the

17   action.  *See Levinson v. Dist. Ct.*, 857 P.2d 18, 21 (1993).  This is the case in part because the

18   plaintiff must have some claim of entitlement to the real property affected by the lis pendens.  *See*

19   *id.*  Numerous courts and prominent commentators have held that asserting a lis pendens by or

20   against a nonparty requires cancellation of the lis pendens.  *See, e.g.*, 54 C.J.S. *Lis Pendens* § 7

21   (West [updated] 2008) (a lis pendens is "without basis" where directed against a titleholder not

22   joined to the complaint).  "Where the property owner is not named as a party to the action in the

23   complaint, any lis pendens filed against it is without legal basis and must be dissolved." *Loidl v.*

24   *I&E Group, Inc.*, 927 So. 2d 1016, 1018 (Fla. Ct. App. 2006) (canceling 27 lis pendens recorded

25   against a nonparty business entity connected with a husband who was named personally in a

26   divorce proceeding).[5]

27

28   ─────────────
     [5] *Accord Sheehan v. Mahoney Chevrolet-Olds, Inc.*, 23 F. Supp. 2d 926, 929 (N.D. Ind. 1998)
     (discharging a notice of lis pendens because none of the named parties in the lawsuit owned the
     property in question); *Marbin v. Cohen*, 789 So. 2d 1193, 1194 (Fla. Ct. App. 2001) (holding that

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

424748

1    Furthermore, at least one court has held that representatives of a class of condominium

2  owners can assert a lis pendens on behalf of themselves (i.e. the class representatives) and actual

3  class members only:

4    In the instant case, the property description in the plaintiffs' lis pendens is so
      broad as to encompass all condominium units and common areas. This, to be sure,
5      exceeds the property which might be affected if plaintiffs were to succeed in this
      lawsuit.
6
     Admittedly (as plaintiffs urge) prospective purchasers and lessees should be
7      notified of the pending suit. Nevertheless, a judgment in this action can only be
      binding upon actual class members. Hence, if plaintiffs are concerned about
8      notice, the plaintiffs should file a lis pendens against their units and those of
      actual class members . . . . The "notice" policy underlying the doctrine of lis
9      pendens can thereby be effectuated without emasculating the countervailing
      policy of protecting the owners' property interest against an overbroad notice of
10      lis pendens.  To be sure these seemingly conflicting interests can be harmonized
      by plaintiffs' filing of notices of lis pendens against units of class members, and
11      not against the condominium in the aggregate.

12  *Coral Isle West Ass'n, Inc. v. Cindy Realty, Inc.*, 430 F. Supp. 396, 399 (D.C. Fla. 1977)

13  (canceling lis pendens recorded against the entire condominium complex by association of lessees

14  in suit against lessor under the Clayton Act but permitting re-recording of a lis pendens on behalf

15  of owners who were actual parties).

16    In light of these authorities, Plaintiffs should be made to answer why they believe they

17  should be permitted to broadcast to the world that their lawsuit might cause upwards of 600

18  owners to lose their property when Plaintiffs' own allegations put only 13 units in play.

19        b.   Plaintiffs cannot show that the nonparties have claims upon which
            they will prevail
20
21    Plaintiffs cannot seriously contend that their universal lis pendens meets the requirements

22  of NRS 14.015(2)—which in essence focuses on the validity of a *party litigant's* claims or

23  defenses relating to parcels owned by another *party litigant*.  With respect to the units owned by

24  homeowners who are not parties to this lawsuit, no "action" exists for "foreclosure of a mortgage"

25  _____

26  a lis pendens directed to members of a deceased husband's family who were alleged to have
    acquired an ownership interest in real property owned by a corporation of which the husband was
27  a shareholder was entirely without legal basis, where the corporation that was titleholder of the
    real property was not joined in the complaint in trial court); *M.G. Marine Supply Corp. v. Foreign
28  Trade, Inc.*, 537 So. 2d 696, 697 (Fla. Ct. App. 1989) (holding that a lis pendens was fatally
    defective where burdened property owner was not named in the complaint).

1    or that "affects the title or possession" of those units.  NRS 14.015(2)(a).  With no predicate

2    lawsuit on behalf of these individuals, plaintiffs cannot prove a good-faith motive.  *Id.* at (b).

3    Likewise, plaintiffs cannot prove that nonparty owners will be able to satisfy any conditions

4    precedent to the relief they claim—they have claimed none.  *Id.* at (c).  Finally, plaintiffs cannot

5    demonstrate that nonparties will suffer injury if their property changes hands before this action's

6    conclusion.  *Id.* at (d).  The property rights of the nonparties will not alter as a result a lawsuit that

7    excludes them.

8          In addition to these four elements, the Plaintiffs can establish neither one of the additional

9    two criteria promulgated in NRS 14.015(3).  Plaintiffs (just 15 in number) lack standing to

10   demonstrate the likely success of claims that might be asserted by or against the hundreds of

11   condo homeowners not joined in this lawsuit.  Similarly, these nonparties will suffer no "hardship"

12   if their properties are transferred because, as nonparties, they will not be bound by any judgment

13   that ultimately issues.

14         Under the circumstances, Plaintiffs lack standing to even argue these points, let alone offer

15   convincing proof of the same.

16   **C.    The Lis Pendens Must Be Cancelled Even if this Court Ultimately Certifies a Class**

17         The abusive nature of the universal lis pendens would persist even if this Court were to

18   certify a class.  Putative class members may still opt out of the class (Rule 23(c)(2)(B)) and pursue

19   their claims separately or not at all.

20         Far from "fairly and adequately protect[ing] the interests of the class," they endeavor to

21   represent, plaintiffs needlessly cloud title to every unit at the Meridian, regardless of whether or

22   not such current owners of the units actually wish to—or even can be—included in the lawsuit

23   under the parameters that plaintiffs themselves have established.  Plaintiffs endeavor to represent

24   "all persons who purchased condominium units at the Meridian Private Residences, Clark County,

25   Nevada from" from the principals and affiliates of Defendants American Invsco Corp. and Invsco

26   Group, Ltd. "in or around 2006 to in or around 2007."  (*See* Compl. ¶ 31.)  But the universal lis

27   pendens encumbers not just the units currently owned by the putative class members but each of

28   the 678 units' current owners (including, apparently, each current owner's interest in all common

areas).  As a result, some potential class members who may wish to sell or borrow against their condos may be prevented from doing so altogether or left with no choice but to sell at an unfairly discounted price.

In addition, those persons who have already purchased condos *from* potential class members (and which purchasers are, therefore, neither responsible for nor harmed by the alleged fraud at the heart of this case) likewise have had their property unjustly devalued or rendered totally unmarketable by the universal lis pendens.  It is not Countrywide's nor this Court's duty at this point in time to explore all the unjust permutations suggested by matching plaintiffs' universal lis pendens to a less-than-universal set of property owners currently joined in this lawsuit.  These issues can be addressed if and when plaintiffs obtain class certification or additional plaintiffs join this lawsuit.  Any permitted amendment of plaintiffs' complaint or class certification, however, will not moot these issues.

**D.      This Court Should Construe the Lis Pendens Doctrine Narrowly to Avoid Abuse**

In weighing the relief requested, this Court should construe the doctrine of lis pendens narrowly to avoid its abuse:

> Although the doctrine of lis pendens may be applied to actions other than foreclosures, *its use is restricted to avoid abuse.*

> *      *      *

> It is one thing to say that there may be a colorable claim against real property and another to conclude that the claim is such as to affect the title or the right to possession of the property within the meaning of the lis pendens statute . . . . *Lis pendens is one of the few remaining provisional remedies available at its inception without prior notice to the adversary.*  Due process is said to be provided for by subsequent notice and an expungement procedure which casts the burden upon the proponent of the lis pendens, *but a lis pendens may cause substantial hardship to the property owner before relief can be obtained.*

> A commentator has expressed reservations as to ... [a] broad endorsement of lis pendens in claimed constructive trust actions on the ground that it tends "to create a right substantially similar to an ex parte prejudgment attachment of the defendant's assets . . . .  Overbroad definition of "an action . . . affecting the title or the right of possession of real property" would invite abuse of lis pendens.

*Levinson*, 857 P.2d at 20 (internal citations omitted; emphasis supplied) (quoting *Burger v. Super. Ct.*, 199 Cal. Rptr. 227, 230 (Cal. Ct. App. 1984)); *accord Blandino v. Bradshaw (In re Bradshaw)*, 315 B.R. 875, 888 (Bankr. D. Nev. 2004).

This Court should cancel plaintiff's lis pendens with this standard in mind.

**E.     Countrywide Is Currently Being Harmed by Plaintiffs' Invalid Lis Pendens and Deserves Relief**

Countrywide has a strong interest in several of the units unfairly affected by the lis pendens.  Countrywide owns or services the debts secured by dozens of the 678 units tainted by the universal lis pendens.  Moving Defendant Recontrust (a Countrywide affiliate) is or may become the trustee that enforces Countrywide's right to take back certain units by non-judicial foreclosure under Nevada's trust deed statute, NRS Chapter 107, if and when such rights mature.

Countrywide is effectively prohibited by the lis pendens from foreclosing on and selling the units in which it has an interest.  Accordingly, Countrywide requests an order canceling the universal lis pendens as to each unit in which the owner is not currently a party to the lawsuit.[6]

IV.

**CONCLUSION**

For the foregoing reasons, Moving Defendants request that this Court issue an order canceling the lis pendens with respect to those units whose owners are not parties to this lawsuit. Countrywide also requests that this Court's order specifically state that the order have the same effect as an expungement of the original universal lis pendens recorded by the Plaintiffs on December 23, 2008.

DATED this 22nd day of May, 2009.

LEWIS AND ROCA LLP

By /s/ John E. Bragonje
　　　J. CHRISTOPHER JORGENSEN, ESQ.
　　　STATE BAR NO. 5382
　　　HEIDI PARRY STERN, ESQ.
　　　STATE BAR NO. 8873
　　　JOHN E. BRAGONJE, ESQ.
　　　STATE BAR NO. 9519

　　　Attorneys for Defendants Countrywide Home Loans, Inc. and Recontrust Company

---

[6] Countrywide reserves its right to object to the universal lis pendens and any other lis pendens which is now or may become of record on any basis at a future time.  This motion, however, specifically concerns those units whose owners are not parties to the lawsuit at this time.

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 19th day of May, 2009, a true and correct copy of the foregoing document was served on counsel through the court's electronic service system as follows:

Michael R. Mushkin, Esq.
MICHAEL R. MUSHKIN AND
ASSOCIATES, P.C.
4475 So. Pecos Road
Las Vegas, NV 89121
*Attorneys for Plaintiffs*

Kristina S. Holman, Esq.
KRISTINA S. HOLMAN, ATTORNEY AT
LAW
1100 E. Bridger Ave.
Las Vegas, NV 89101
*Attorney for Rebekah Desmet*

William H. Gamage, Esq.
Amy M. Gamage, Esq.
GAMAGE & GAMAGE
231 S. Third Street, Ste. 285
Las Vegas, NV 89101
*Attorneys for Plaintiffs*

Michael D. Rawlins, Esq.
Richard Sorenson, Esq.
ROOKER RAWLINS LLP
2360 Corporate Circle, Ste. 280
Henderson, NV 89074
*Attorneys for Defendants Michael Mackenzie,
Eric Lynn, Ronald Aldinger and MAC Realty,
Inc.*

Kirk B. Lenhard, Esq.
Tamara Beatty Peterson, Esq.
JONES VARGAS
3773 Howard Hughes Pkwy., 3rd Floor So.
Las Vegas, NV 89169
*Attorneys for American Invsco Corporation,
SEG Nevada Consultants, Inc., SEG Nevada
Members LLC, Condominium Rental
Services, Inc., American Invsco Realty, Inc.,
Meridian Condominium Rental Services, Inc.,
Nicholas S. Gouletas, Steven Gouletas and
Invsco Group, Ltd.*

Nancy Allf, Esq.
GONZALEZ, SAGGIO & HARLAN, LLP
411 E. Bonneville Ave., Ste. 100
Las Vegas, NV 89101
*Attorneys for Meridian Private Residences
CH., LLC and Dale Campbell*

Jay Erens, Esq.
John Zabriskie Esq.
Martin Bishop, Esq.
FOLEY & LARDNER
321 N. Clark, Ste. 2800
Chicago, IL 60654
*Attorneys for American Invsco Corporation,
SEG Nevada Consultants, Inc., SEG Nevada
Members LLC, Condominium Rental
Services, Inc., American Invsco Realty, Inc.,
Meridian Condominium Rental Services, Inc.,
Nicholas S. Gouletas, Steven Gouletas and
Invsco Group, Ltd.*

Kenneth B. Morgan, Esq.
MORGAN ASSOCIATES, PLC
144 W. Maple Road
Birmingham, Michigan 48009
*Attorneys for Koval Flamingo, LLC*

Joseph Garin, Esq.
Shannon Nordstrom
LIPSON, NEILSON, SELTZER & GARIN,
P.C.
9580 W. Sahara, Ste. 120
Las Vegas, NV 89117
*Attorneys for Koval Flamingo, LLC*

Cynthia LeVasseur, Esq.
Erica J. Stutman, Esq.
SNELL & WILMER LLP
3883 Howard Hughes Pkwy., Ste. 1100

1 | Sean D. Thueson, Esq.
2 | HOLLAND HART LLP
  | 3763 Howard Hughes Pkwy., Ste. 300
3 | Las Vegas, NV 89169
  | *Attorneys for Shayna Goldstein*
4 |
5 | Chad E. Weaver, Esq.
  | Edgerton & Weaver, LLP
6 | 2615 Pacific coast Highway, Ste. 300
  | Hermosa Beach, CA 90254
7 | *Attorneys for Stearns Lending, Inc.*

8 | Mace J. Yampolsky, Esq.
  | Mace Law
9 | 625 South Sixth Street
  | Las Vegas, NV 89101
10 | *Attorneys for Stearns Lending, Inc.*

Las Vegas, NV 89169
*Attorneys for Wells Fargo Bank, N.A.*

Charles M. Litt,
Feinberg, Grant, Mayfield, Kaneda & Litt
1955 Village Center Circle
Las Vegas, NV 89134
*Attorneys for Meridian Private Residences Homeowners Association*

/s/ Sue Silcott
an employee of Lewis and Roca LLP

# EXHIBIT A



# EXHIBIT B

APN: 162-16-810-002 to 684

Recording requested by and mail to:
MICHAEL R. MUSHKIN, ESQ.
4475 S. Pecos Road
Las Vegas, Nevada  89121

LISP
MICHAEL R. MUSHKIN, ESQ.
Nevada Bar no. 2421
MICHAEL R. MUSHKIN & ASSOCIATES, P.C.
4475 S. Pecos Road
Las Vegas, Nevada 89121
Telephone: (702) 386-3999
Facsimile: (702) 454-3333

Email:  Michael@mushlaw.com
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| FRANK TADDEO; AMELIA TADDEO; MARY HELDT; VICTOR HELDT; BRUCE COUTURIER; ELEANOR COUTURIER; RAGHID B. KOSA; BASIL KOSA; NASIR KOSA; MAHA KOSA; WISAM B. KOSA; RAAD KOSA; SAIID MATTI; SHAHIN EDALATDJU; SNAP PROPERTIES, LLC; AND ALL OTHERS SIMILARLY SITUATED, | Case no.: 2:08-cv-01463-KJD-RJJ |
| Plaintiffs, | LIS PENDENS (COMMON AREA) |
| vs. | |
| AMERICAN INVSCO CORPORATION, a Delaware Corporation; KOVAL FLAMINGO, LLC, a Nevada limited-liability company; SEG NEVADA CONSULTANTS, INC., a Nevada corporation; SEG NEVADA MEMBERS, LLC, a Nevada limited-liability company; CONDOMINIUM RENTAL SERVICES, INC., an Illinois corporation; | |

1

1 | AMERICAN INVSCO REALTY, INC., a )
Nevada corporation; MERIDIAN PRIVATE )

2 | RESIDENCES CH, LLC, a Michigan limited- )
liability company; MERIDIAN )

3 | CONDOMINIUM RENTAL SERVICES, )
INC., a Nevada corporation; CONAM )

4 | MANAGEMENT CORPORATION, a )
California Corporation; EXECUTIVE )

5 | LOCATIONS, LLC, a Nevada limited-liability )
company; ERIC LYNN, an individual; FCC )

6 | MORTGAGE CORPORATION, a Nevada )
Corporation;  MAC REALTY, INC., a Nevada )

7 | Corporation; MICHAEL MACKENZIE, an )
individual; DALE CAMPBELL, an individual; )

8 | REBEKAH DESMET, an individual; RON )
ALDINGER, an individual; NICK )

9 | GOULETAS, an individual; STEVEN )
GOULETAS, an individual;  SCOTT )

10 | OEHLKE, an individual; NICK BAIRD, an )
individual; SHAYNA GOLDSTEIN, an )

11 | individual; MICHAEL ZINK, an individual; )
INVSCO GROUP, LTD., an Illinois )

12 | corporation;  GMAC MORTGAGE )
CORPORATION, a Pennsylvania )

13 | Corporation; TAYLOR BEAN & )
WHITAKER MORTGAGE CORPORATION, )

14 | a Florida corporation; COUNTRYWIDE )
HOME LOANS, INC., a New York )

15 | corporation;  STEARNS LENDING, INC., a )
California corporation; ALL WESTERN )

16 | MORTGAGE, INC., a Nevada corporation; )
WELLS FARGO BANK, a National )

17 | Association; OAK STREET MORTGAGE, )
LLC, a Delaware Limited Liability Company; )

18 | GREENPOINT MORTGAGE FUNDING, )
INC. a New York corporation; SILVER )

19 | STATE MORTGAGE, a Nevada Limited )
Liability Company; DRAPER & KRAMER )

20 | MORTGAGE CORPORATION; WMC )
MORTGAGE CORPORATION, a California )

21 | corporation; RECONSTRUCT MORTGAGE )
CO. NA; MORTGAGE ELECTRONIC )

22 | REGISTRATION SYSTEM (MERS); )
REGIONS BANK; and US BANK CORP; )

23 | DOES 1-1000; and ROE ENTITIES 1-1000, )
)

24 |

25 |                    Defendants.

26 |

27 |

28 |

2

1

## LIS PENDENS

2

NOTICE IS HEREBY GIVEN that an action has been commenced and is now pending in

3

this Court upon the Complaint of the above-named Plaintiffs, against the above-named

4

Defendants, regarding real property situated in Clark County, Nevada.

5

6

Said real property affected thereby is commonly known as the "common area" of the

7

Meridian Private Residences at 210-270 E. Flamingo Road, Las Vegas, Nevada as more

8

particularly described as a portion of:

9

Assessors Parcel Numbers: 162-16-810-002 to 684

10

11

Assessors Description:  Meridian at Hughes Center
Plat Book 49 Page 40
Units 101 to 436, Building 1; Units 101 to 436, Building 2;
Units 101 to 434, Building 3; Units 101 to 436, Building 4;
Units 101 to 436, Building 5.

12

13

14

Dated:    December 12, 2008.

15

MICHAEL R. MUSHKIN & ASSOCIATES

16

17

By: _____
MICHAEL R. MUSHKIN, ESQ.
Nevada State Bar #2421
4475 S. Pecos Road
Las Vegas, Nevada 89121
Attorneys for Plaintiffs

18

19

20

21

22

23

24

25

26

27

28

3

# EXHIBIT C





2008**1223-0003155**

Fee: $17.00
N/C Fee: $0.00

12/23/2008          11:55:45
T20080318890
Requestor:
M MUSHKIN

Debbie Conway          GWC
Clark County Recorder  Pgs: 4

·APN#   162-16-810-002 to 684

11-digit Assessor's Parcel Number may be obtained at:
http://redrock.co.clark.nv.us/assrrealprop/ownr.aspx

---

LIS PENDENS (COMMON AREA)

**Type of Document**

(Example: Declaration of Homestead, Quit Claim Deed, etc.)

**Recording Requested By:**

MICHAEL R. MUSHKIN, ESQ.

**Return Documents To:**

Name MICHAEL R. MUSHKIN & ASSOCIATES

Address 4475 S. PECOS ROAD

City/State/Zip LAS VEGAS, NEVADA 89121

This page added to provide additional information required by NRS 111.312 Section 1-2

(An additional recording fee of $1.00 will apply)

This cover page must be typed or printed clearly in black ink only.

OR Form 108 ~ 06/06/2007
Coversheet.pdf

APN: 162-16-810-002 to 684

Recording requested by and mail to:
MICHAEL R. MUSHKIN, ESQ.
4475 S. Pecos Road
Las Vegas, Nevada 89121

LISP
MICHAEL R. MUSHKIN, ESQ.
Nevada Bar no. 2421
MICHAEL R. MUSHKIN & ASSOCIATES, P.C.
4475 S. Pecos Road
Las Vegas, Nevada 89121
Telephone: (702) 386-3999
Facsimile: (702) 454-3333

Email: Michael@mushlaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| FRANK TADDEO; AMELIA TADDEO; MARY HELD; VICTOR HELD; BRUCE COUTURIER; ELEANOR COUTURIER; RAGHID B. KOSA; BASIL KOSA; NASIR KOSA; MAHA KOSA; WISAM B. KOSA; RAAD KOSA; SAIID MATTI; SHAHIN EDALATDJU; SNAP PROPERTIES, LLC; AND ALL OTHERS SIMILARLY SITUATED,<br><br>                           Plaintiffs,<br><br>vs.<br><br>AMERICAN INVSCO CORPORATION, a Delaware Corporation; KOVAL FLAMINGO, LLC, a Nevada limited-liability company; SEG NEVADA CONSULTANTS, INC., a Nevada corporation; SEG NEVADA MEMBERS, LLC, a Nevada limited-liability company; CONDOMINIUM RENTAL SERVICES, INC., an Illinois corporation; | Case no.: 2:08-cv-01463-KJD-RJJ<br><br>LIS PENDENS (COMMON AREA) |

1

|  |  |  |
|---|---|---|
| 1 | AMERICAN INVSCO REALTY, INC., a Nevada corporation; MERIDIAN PRIVATE | ) |
| 2 | RESIDENCES CH, LLC, a Michigan limited-liability company; MERIDIAN | ) |
| 3 | CONDOMINIUM RENTAL SERVICES, INC., a Nevada corporation; CONAM | ) |
| 4 | MANAGEMENT CORPORATION, a California Corporation; EXECUTIVE | ) |
| 5 | LOCATIONS, LLC, a Nevada limited-liability company; ERIC LYNN, an individual; FCC | ) |
| 6 | MORTGAGE CORPORATION, a Nevada | ) |
| 7 | Corporation;  MAC REALTY, INC., a Nevada Corporation; MICHAEL MACKENZIE, an | ) |
| 8 | individual; DALE CAMPBELL, an individual; REBEKAH DESMET, an individual; RON | ) |
| 9 | ALDINGER, an individual; NICK | ) |
| 10 | GOULETAS, an individual; STEVEN GOULETAS, an individual;  SCOTT | ) |
| 11 | OEHLKE, an individual; NICK BAIRD, an individual; SHAYNA GOLDSTEIN, an | ) |
| 12 | individual; MICHAEL ZINK, an individual; INVSCO GROUP, LTD., an Illinois | ) |
| 13 | corporation;  GMAC MORTGAGE | ) |
| 14 | CORPORATION, a Pennsylvania Corporation; TAYLOR BEAN & | ) |
| 15 | WHITAKER MORTGAGE CORPORATION, a Florida corporation; COUNTRYWIDE | ) |
| 16 | HOME LOANS, INC., a New York | ) |
| 17 | corporation;  STEARNS LENDING, INC., a California corporation; ALL WESTERN | ) |
| 18 | MORTGAGE, INC., a Nevada corporation; WELLS FARGO BANK, a National | ) |
| 19 | Association; OAK STREET MORTGAGE, | ) |
| 20 | LLC, a Delaware Limited Liability Company; GREENPOINT MORTGAGE FUNDING, | ) |
| 21 | INC. a New York corporation; SILVER STATE MORTGAGE, a Nevada Limited | ) |
| 22 | Liability Company; DRAPER & KRAMER MORTGAGE CORPORATION; WMC | ) |
| 23 | MORTGAGE CORPORATION, a California corporation; RECONSTRUCT MORTGAGE | ) |
| 24 | CO. NA; MORTGAGE ELECTRONIC | ) |
| 25 | REGISTRATION SYSTEM (MERS); REGIONS BANK; and US BANK CORP; | ) |
| 26 | DOES 1-1000; and ROE ENTITIES 1-1000, | ) |
| 27 | Defendants. | ) |
| 28 | | |

2

## LIS PENDENS

NOTICE IS HEREBY GIVEN that an action has been commenced and is now pending in this Court upon the Complaint of the above-named Plaintiffs, against the above-named Defendants, regarding real property situated in Clark County, Nevada.

Said real property affected thereby is commonly known as the "common area" of the Meridian Private Residences at 210-270 E. Flamingo Road, Las Vegas, Nevada as more particularly described as a portion of:

Assessors Parcel Numbers: 162-16-810-002 to 684

Assessors Description:  Meridian at Hughes Center
Plat Book 49 Page 40
Units 101 to 436, Building 1; Units 101 to 436, Building 2;
Units 101 to 434, Building 3; Units 101 to 436, Building 4;
Units 101 to 436, Building 5.

Dated:   December 12, 2008.

MICHAEL R. MUSHKIN & ASSOCIATES

By:

MICHAEL R. MUSHKIN, ESQ.
Nevada State Bar #2421
4475 S. Pecos Road
Las Vegas, Nevada 89121
Attorneys for Plaintiffs

I hereby attest and certify on _12/23/08_ that the foregoing document is a full, true and correct copy of the original on file in my legal custody.

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA

By

Deputy Clerk

3

# EXHIBIT D



APN: 162-16-810-123

Recording requested by and mail to:
MICHAEL R. MUSHKIN, ESQ.
4475 S. Pecos Road
Las Vegas, Nevada 89121

LISP
MICHAEL R. MUSHKIN, ESQ.
Nevada Bar no. 2421
MICHAEL R. MUSHKIN & ASSOCIATES, P.C.
4475 S. Pecos Road
Las Vegas, Nevada 89121
Telephone: (702) 386-3999
Facsimile: (702) 454-3333
Email:  Michael@mushlaw.com
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| FRANK TADDEO; AMELIA TADDEO; MARY HELDT; VICTOR HELDT; BRUCE COUTURIER; ELEANOR COUTURIER; RAGHID B. KOSA; BASIL KOSA; NASIR KOSA; MAHA KOSA; WISAM B. KOSA; RAAD KOSA; SAIID MATTI; SHAHIN EDALATDJU; SNAP PROPERTIES, LLC; AND ALL OTHERS SIMILARLY SITUATED, | Case no.: 2:08-cv-01463-KJD-RJJ |

Plaintiffs,

vs.

**LIS PENDENS**

AMERICAN INVSCO CORPORATION, a Delaware Corporation; KOVAL FLAMINGO, LLC, a Nevada limited-liability company; SEG NEVADA CONSULTANTS, INC., a Nevada corporation; SEG NEVADA MEMBERS, LLC, a Nevada limited-liability company; CONDOMINIUM RENTAL SERVICES, INC., an Illinois corporation; AMERICAN INVSCO REALTY, INC., a Nevada corporation; MERIDIAN PRIVATE RESIDENCES CH, LLC, a Michigan limited-

liability company; MERIDIAN
CONDOMINIUM RENTAL SERVICES,                    )
INC., a Nevada corporation; CONAM              )
MANAGEMENT CORPORATION, a                      )
California Corporation; EXECUTIVE               )
LOCATIONS, LLC, a Nevada limited-liability     )
company; ERIC LYNN, an individual; FCC         )
MORTGAGE CORPORATION, a Nevada                 )
Corporation;  MAC REALTY, INC., a Nevada       )
Corporation; MICHAEL MACKENZIE, an             )
individual; DALE CAMPBELL, an individual;      )
REBEKAH DESMET, an individual; RON             )
ALDINGER, an individual; NICK                  )
GOULETAS, an individual; STEVEN                )
GOULETAS, an individual;  SCOTT                )
OEHLKE, an individual; NICK BAIRD, an          )
individual; SHAYNA GOLDSTEIN, an               )
individual; MICHAEL ZINK, an individual;       )
INVSCO GROUP, LTD., an Illinois                )
corporation;  GMAC MORTGAGE                    )
CORPORATION, a Pennsylvania                    )
Corporation; TAYLOR BEAN &                     )
WHITAKER MORTGAGE CORPORATION,                 )
a Florida corporation; COUNTRYWIDE             )
HOME LOANS, INC., a New York                   )
corporation;  STEARNS LENDING, INC., a         )
California corporation; ALL WESTERN            )
MORTGAGE, INC., a Nevada corporation;          )
WELLS FARGO BANK, a National                   )
Association; OAK STREET MORTGAGE,              )
LLC, a Delaware Limited Liability Company;     )
GREENPOINT MORTGAGE FUNDING,                   )
INC. a New York corporation; SILVER            )
STATE MORTGAGE, a Nevada Limited               )
Liability Company; DRAPER & KRAMER             )
MORTGAGE CORPORATION; WMC                      )
MORTGAGE CORPORATION, a California             )
corporation; RECONSTRUCT MORTGAGE              )
CO. NA; MORTGAGE ELECTRONIC                    )
REGISTRATION SYSTEM (MERS);                    )
REGIONS BANK; and US BANK CORP;                )
DOES 1-1000; and ROE ENTITIES 1-1000,         )
                                               )
                   Defendants.                 )
_____

## LIS PENDENS

NOTICE IS HEREBY GIVEN that an action has been commenced and is now pending in this Court upon the Complaint of the above-named Plaintiffs, against the above-named Defendants, regarding real property situated in Clark County, Nevada.

Said real property affected thereby is commonly known as Meridian Private Residences, 210 E. Flamingo Road, Unit 421, Las Vegas, Clark County, Nevada:

Assessors Parcel Number: 162-16-810-123

Assessors Description:  Meridian at Hughes Center
Plat Book 49 Page 40
Unit 417 Bldg 1

and more particularly described on Exhibit A attached hereto and made a part hereof.

Dated:   January 27, 2009.

MICHAEL R. MUSHKIN & ASSOCIATES

By: _____
MICHAEL R. MUSHKIN, ESQ.
Nevada State Bar #2421
4475 S. Pecos Road
Las Vegas, Nevada 89121
Attorneys for Plaintiffs

**Exhibit A**

All that certain real property situated in the County of Clark, State of Nevada, described as follows:

PARCEL I:

UNIT 417 ("UNIT") IN BUIDLING 1 ("BUILDING") AS SHOWN ON THE FINAL PLAT OF THE MERIDIAN AT HUGHES CENTER, FILED IN BOOK 49 OF PLATS, PAGE 40, IN THE OFFICIAL RECORDS OF THE COUNTY RECORDER, CLARK COUNTY, NEVADA ("PLAT"), AND AS DEFINED AND SET FORTH IN AND SUBJECT TO THAT CERTAIN DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR THE MERIDIAN AT HUGHES CENTER, RECORDED JUNE 1, 2005 AS INSTRUMENT NO. 01551 IN BOOK 20050601, OFFICIAL RECORDS, CLARK COUNTY, NEVADA ("THE MERIDIAN AT HUGHES CENTER DECLARATION").

PARCEL II:

TOGETHER WITH AN UNDIVIDED ALLOCATED FRACTIONAL INTEREST IN AND TO THE GENERAL COMMON ELEMENTS, AS SET FORTH IN, AND SUBJECT TO, THE PLAT AND THE MERIDIAN AT HUGHES CENTER DECLARATION.

PARCEL III:

TOGETHER WITH AN EXCLUSIVE INTEREST IN AND TO THOSE LIMITED COMMON ELEMENTS, IF ANY, APPURTENANT TO THE UNIT, AS SET FORTH IN, AND SUBJECT TO, THE PLAT AND THE MERIDIAN AT HUGHES CENTER DECLARATION.

PARCEL IV:

TOGETHER WITH A NON-EXCLUSIVE EASMENT OF REASONABLE INGRESS TO AND EGRESS FROM THE UNIT, AND OF ENJOYMENT OF THE GENERAL COMMON ELEMENTS, AS SET FORTH IN, AND SUBJECT TO, THE PLAT AND THE MERIDIAN AT HUGHES CENTER DECLARATION.

APN: 162-16-810-593

Recording requested by and mail to:
MICHAEL R. MUSHKIN, ESQ.
4475 S. Pecos Road
Las Vegas, Nevada 89121

LISP
MICHAEL R. MUSHKIN, ESQ.
Nevada Bar no. 2421
MICHAEL R. MUSHKIN & ASSOCIATES, P.C.
4475 S. Pecos Road
Las Vegas, Nevada 89121
Telephone: (702) 386-3999
Facsimile: (702) 454-3333
Email: Michael@mushlaw.com
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

FRANK TADDEO; AMELIA TADDEO;          )    Case no.: 2:08-cv-01463-KJD-RJJ
MARY HELDT; VICTOR HELDT; BRUCE       )
COUTURIER; ELEANOR COUTURIER;         )
RAGHID B. KOSA; BASIL KOSA; NASIR     )
KOSA; MAHA KOSA; WISAM B. KOSA;       )
RAAD KOSA; SAIID MATTI; SHAHIN        )
EDALATDJU; SNAP PROPERTIES, LLC;      )
AND ALL OTHERS SIMILARLY              )
SITUATED,                             )
                                      )
                Plaintiffs,           )
                                      )    **LIS PENDENS**
vs.                                   )
AMERICAN INVSCO CORPORATION, a        )
Delaware Corporation; KOVAL FLAMINGO, )
LLC, a Nevada limited-liability company; )
SEG NEVADA CONSULTANTS, INC., a       )
Nevada corporation; SEG NEVADA        )
MEMBERS, LLC, a Nevada limited-liability )
company; CONDOMINIUM RENTAL           )
SERVICES, INC., an Illinois corporation; )
AMERICAN INVSCO REALTY, INC., a       )
Nevada corporation; MERIDIAN PRIVATE  )
RESIDENCES CH, LLC, a Michigan limited- )

liability company; MERIDIAN                          )
CONDOMINIUM RENTAL SERVICES,                         )
INC., a Nevada corporation; CONAM                    )
MANAGEMENT CORPORATION, a                            )
California Corporation; EXECUTIVE                     )
LOCATIONS, LLC, a Nevada limited-liability           )
company; ERIC LYNN, an individual; FCC               )
MORTGAGE CORPORATION, a Nevada                       )
Corporation;  MAC REALTY, INC., a Nevada             )
Corporation; MICHAEL MACKENZIE, an                   )
individual; DALE CAMPBELL, an individual;            )
REBEKAH DESMET, an individual; RON                   )
ALDINGER, an individual; NICK                        )
GOULETAS, an individual; STEVEN                      )
GOULETAS, an individual;  SCOTT                      )
OEHLKE, an individual; NICK BAIRD, an                )
individual; SHAYNA GOLDSTEIN, an                     )
individual; MICHAEL ZINK, an individual;             )
INVSCO GROUP, LTD., an Illinois                      )
corporation;  GMAC MORTGAGE                          )
CORPORATION, a Pennsylvania                          )
Corporation; TAYLOR BEAN &                           )
WHITAKER MORTGAGE CORPORATION,                       )
a Florida corporation; COUNTRYWIDE                   )
HOME LOANS, INC., a New York                         )
corporation;  STEARNS LENDING, INC., a               )
California corporation; ALL WESTERN                   )
MORTGAGE, INC., a Nevada corporation;                )
WELLS FARGO BANK, a National                         )
Association; OAK STREET MORTGAGE,                    )
LLC, a Delaware Limited Liability Company;           )
GREENPOINT MORTGAGE FUNDING,                         )
INC. a New York corporation; SILVER                  )
STATE MORTGAGE, a Nevada Limited                     )
Liability Company; DRAPER & KRAMER                   )
MORTGAGE CORPORATION; WMC                            )
MORTGAGE CORPORATION, a California                   )
corporation; RECONSTRUCT MORTGAGE                    )
CO. NA; MORTGAGE ELECTRONIC                          )
REGISTRATION SYSTEM (MERS);                          )
REGIONS BANK; and US BANK CORP;                      )
DOES 1-1000; and ROE ENTITIES 1-1000,                )
                                                     )
                   Defendants.                       )

## LIS PENDENS

NOTICE IS HEREBY GIVEN that an action has been commenced and is now pending in this Court upon the Complaint of the above-named Plaintiffs, against the above-named Defendants, regarding real property situated in Clark County, Nevada.

Said real property affected thereby is commonly known as Meridian Private Residences, 270 E. Flamingo Road, Unit 227, Las Vegas, Clark County, Nevada:

Assessors Parcel Number: 162-16-810-593

Assessors Description:  Meridian at Hughes Center
Plat Book 49 Page 40
Unit 211 Bldg 5

and more particularly described on Exhibit A attached hereto and made a part hereof.

Dated:    January 27, 2009.

MICHAEL R. MUSHKIN & ASSOCIATES

By:_____
MICHAEL R. MUSHKIN, ESQ.
Nevada State Bar #2421
4475 S. Pecos Road
Las Vegas, Nevada 89121
Attorneys for Plaintiffs

**Exhibit "A"**

All that certain real property situated in the County of Clark, State of Nevada, described as follows:

PARCEL I:

UNIT 211 ("UNIT") IN BUILDING 5 ("BUILDING") AS SHOWN ON THE FINAL PLAT OF THE MERIDIAN AT HUGHES CENTER, FILED IN BOOK 49 OF PLATS, PAGE 40, IN THE OFFICIAL RECORDS OF THE COUNTY RECORDER, CLARK COUNTY, NEVADA ("PLAT"), AND AS DEFINED AND SET FORTH IN AND SUBJECT TO THAT CERTAIN DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR THE MERIDIAN AT HUGHES CENTER, RECORDED JUNE 1, 2005 AS INSTRUMENT NO. 01551 IN BOOK 20050601, OFFICIAL RECORDS, CLARK COUNTY, NEVADA ("THE MERIDIAN AT HUGHES CENTER DECLARATION").

PARCEL II:

TOGETHER WITH AN UNDIVIDED ALLOCATED FRACTIONAL INTEREST IN AND TO THE GENERAL COMMON ELEMENTS, AS SET FORTH IN, AND SUBJECT TO, THE PLAT AND THE MERIDIAN AT HUGHES CENTER DECLARATION.

PARCEL III:

TOGETHER WITH AN EXCLUSIVE INTEREST IN AND TO THOSE LIMITED COMMON ELEMENTS, IF ANY, APPURTENANT TO THE UNIT, AS SET FORTH IN, AND SUBJECT TO, THE PLAT AND THE MERIDIAN AT HUGHES CENTER DECLARATION.

PARCEL IV:

TOGETHER WITH A NON-EXCLUSIVE EASMENT OF REASONABLE INGRESS TO AND EGRESS FROM THE UNIT, AND OR ENJOYMENT OF THE GENERAL COMMON ELEMENTS, AS SET FORTH IN, AND SUBJECT TO, THE PLAT AND THE MERIDIAN AT HUGHES CENTER DECLARATION.

1  APN: 162-16-810-200

2

3

4  Recording requested by and mail to:
   MICHAEL R. MUSHKIN, ESQ.
5  4475 S. Pecos Road
   Las Vegas, Nevada 89121
6

7

8  LISP
   MICHAEL R. MUSHKIN, ESQ.
9  Nevada Bar no. 2421
   MICHAEL R. MUSHKIN & ASSOCIATES, P.C.
10 4475 S. Pecos Road
   Las Vegas, Nevada 89121
11 Telephone: (702) 386-3999
   Facsimile: (702) 454-3333
12 Email:  Michael@mushlaw.com
   Attorneys for Plaintiffs
13

14              **UNITED STATES DISTRICT COURT**
                   **DISTRICT OF NEVADA**
15

16 FRANK TADDEO; AMELIA TADDEO;      )   Case no.: 2:08-cv-01463-KJD-RJJ
   MARY HELDT; VICTOR HELDT; BRUCE   )
17 COUTURIER; ELEANOR COUTURIER;     )
   RAGHID B. KOSA; BASIL KOSA; NASIR )
18 KOSA; MAHA KOSA; WISAM B. KOSA;   )
   RAAD KOSA; SAIID MATTI; SHAHIN    )
19 EDALATDJU; SNAP PROPERTIES, LLC;  )
   AND ALL OTHERS SIMILARLY          )
20 SITUATED,                         )
                                     )
21           Plaintiffs,             )
                                     )
22 vs.                               )   **LIS PENDENS**
   AMERICAN INVSCO CORPORATION, a    )
23 Delaware Corporation; KOVAL FLAMINGO, )
   LLC, a Nevada limited-liability company; )
24 SEG NEVADA CONSULTANTS, INC., a   )
   Nevada corporation; SEG NEVADA    )
25 MEMBERS, LLC, a Nevada limited-liability )
   company; CONDOMINIUM RENTAL       )
26 SERVICES, INC., an Illinois corporation; )
   AMERICAN INVSCO REALTY, INC., a   )
27 Nevada corporation; MERIDIAN PRIVATE )
   RESIDENCES CH, LLC, a Michigan limited- )
28

liability company; MERIDIAN )
CONDOMINIUM RENTAL SERVICES, )
INC., a Nevada corporation; CONAM )
MANAGEMENT CORPORATION, a )
California Corporation; EXECUTIVE )
LOCATIONS, LLC, a Nevada limited-liability )
company; ERIC LYNN, an individual; FCC )
MORTGAGE CORPORATION, a Nevada )
Corporation; MAC REALTY, INC., a Nevada )
Corporation; MICHAEL MACKENZIE, an )
individual; DALE CAMPBELL, an individual; )
REBEKAH DESMET, an individual; RON )
ALDINGER, an individual; NICK )
GOULETAS, an individual; STEVEN )
GOULETAS, an individual;  SCOTT )
OEHLKE, an individual; NICK BAIRD, an )
individual; SHAYNA GOLDSTEIN, an )
individual; MICHAEL ZINK, an individual; )
INVSCO GROUP, LTD., an Illinois )
corporation;  GMAC MORTGAGE )
CORPORATION, a Pennsylvania )
Corporation; TAYLOR BEAN & )
WHITAKER MORTGAGE CORPORATION, )
a Florida corporation; COUNTRYWIDE )
HOME LOANS, INC., a New York )
corporation;  STEARNS LENDING, INC., a )
California corporation; ALL WESTERN )
MORTGAGE, INC., a Nevada corporation; )
WELLS FARGO BANK, a National )
Association; OAK STREET MORTGAGE, )
LLC, a Delaware Limited Liability Company; )
GREENPOINT MORTGAGE FUNDING, )
INC. a New York corporation; SILVER )
STATE MORTGAGE, a Nevada Limited )
Liability Company; DRAPER & KRAMER )
MORTGAGE CORPORATION; WMC )
MORTGAGE CORPORATION, a California )
corporation; RECONSTRUCT MORTGAGE )
CO. NA; MORTGAGE ELECTRONIC )
REGISTRATION SYSTEM (MERS); )
REGIONS BANK; and US BANK CORP; )
DOES 1-1000; and ROE ENTITIES 1-1000, )
)
                    Defendants. )
_____ )

## LIS PENDENS

NOTICE IS HEREBY GIVEN that an action has been commenced and is now pending in

this Court upon the Complaint of the above-named Plaintiffs, against the above-named

Defendants, regarding real property situated in Clark County, Nevada.

Said real property affected thereby is commonly known as Meridian Private Residences,

220 E. Flamingo Road, Unit 212, Las Vegas, Clark County, Nevada:

    Assessors Parcel Number: 162-16-810-200

    Assessors Description:  Meridian at Hughes Center
                             Plat Book 49 Page 40
                             Unit 226 Bldg 2

and more particularly described on Exhibit A attached hereto and made a part hereof.

Dated:   January 27, 2009.

                          MICHAEL R. MUSHKIN & ASSOCIATES

                        By: _____
                           MICHAEL R. MUSHKIN, ESQ.
                           Nevada State Bar #2421
                           4475 S. Pecos Road
                           Las Vegas, Nevada 89121
                           Attorneys for Plaintiffs



20051202-0005550

Fee: $17.00          RPTT: $3,047.25
HC Fee: $0.00
12/02/2005            15:39:42
T20050218535
Requestor:
    FIRST AMERICAN TITLE COMPANY OF NEVADA

Frances Deane                    DGI
Clark County Recorder      Pgs: 4

A.P.N.:    162-16-810-200
File No:   101-2240992 (PK)
R.P.T.T.:  $3,047.25

When Recorded Return To:
And Mail Tax Statements To:Romulo V. Esparrago
1304 San Jose Way
Petaluma, CA 94954

## GRANT, BARGAIN and SALE DEED

*FOR A VALUABLE CONSIDERATION*, receipt of which is hereby acknowledged,

Koval Flamingo LLC, a Nevada Limited Liability Company

do(es) hereby *GRANT, BARGAIN and SELL* to

Romulo V. Esparrago, Jr., a single man

the real property situate in the County of Clark, State of Nevada, described as follows:

**PARCEL I:**

UNIT 226 ("UNIT") IN BUILDING 2 ("BUILDING")AS SHOWN ON THE FINAL PLAT OF
THE MERIDIAN AT HUGHES CENTER, FILED IN BOOK 49 OF PLATS, PAGE 40, IN THE
OFFICIAL RECORDS OF THE COUNTY RECORDER, CLARK COUNTY, NEVADA ("PLAT"),
AND AS DEFINED AND SET FORTH IN AND SUBJECT TO THAT CERTAIN DECLARATION
OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR THE MERIDIAN AT HUGHES
CENTER, RECORDED JUNE 1, 2005 AS INSTRUMENT NO. 01551 IN BOOK 20050601,
OFFICIAL RECORDS, CLARK COUNTY, NEVADA ("THE MERIDIAN AT HUGHES CENTER
DECLARATION").

**PARCEL II:**

TOGETHER WITH AN UNDIVIDED ALLOCATED FRACTIONAL INTEREST IN AND TO THE
GENERAL COMMON ELEMENTS, AS SET FORTH IN, AND SUBJECT TO, THE PLAT AND
THE MERIDIAN AT HUGHES CENTER DECLARATION.

**PARCEL III:**

TOGETHER WITH AN EXCLUSIVE INTEREST IN AND TO THOSE LIMITED COMMON
ELEMENTS, IF ANY, APPURTENANT TO THE UNIT, AS SET FORTH IN, AND SUBJECT
TO, THE PLAT AND THE MERIDIAN AT HUGHES CENTER DECLARATION.

**PARCEL IV:**

**A.P.N. 162-16-810-200**          Grant, Bargain and Sale Deed -          File No.: 101-2240992 (PK)
                                              continued

**TOGETHER WITH A NON-EXCLUSIVE EASEMENT OF REASONABLE INGRESS TO AND EGRESS FROM THE UNIT, AND OF ENJOYMENT OF THE GENERAL COMMON ELEMENTS, AS SET FORTH IN, AND SUBJECT TO, THE PLAT AND THE MERIDIAN AT HUGHES CENTER DECLARATION**

Subject to:

1.   All general and special taxes for the current fiscal year.

2.   Covenants, Conditions, Restrictions, Reservations, Rights, Rights of Way and Easements now of record.

*TOGETHER* with all tenements, hereditaments and appurtenances, including easements and water rights, if any, thereto belonging or appertaining, and any reversions, remainders, rents, issues or profits thereof.

Date: 10/11/2005

1

APN: 162-16-810-062

2

3

4  Recording requested by and mail to:
   MICHAEL R. MUSHKIN, ESQ.
5  4475 S. Pecos Road
   Las Vegas, Nevada 89121
6

7  ────────────────────────────────

   LISP
8  MICHAEL R. MUSHKIN, ESQ.
   Nevada Bar no. 2421
9  MICHAEL R. MUSHKIN & ASSOCIATES, P.C.
   4475 S. Pecos Road
10 Las Vegas, Nevada 89121
   Telephone: (702) 386-3999
11 Facsimile: (702) 454-3333

12 Email: Michael@mushlaw.com
13 Attorneys for Plaintiffs

14              **UNITED STATES DISTRICT COURT**
15                  **DISTRICT OF NEVADA**

16 FRANK TADDEO; AMELIA TADDEO;          )   Case no.: 2:08-cv-01463-KJD-RJJ
   MARY HELDT; VICTOR HELDT; BRUCE       )
17 COUTURIER; ELEANOR COUTURIER;         )
   RAGHID B. KOSA; BASIL KOSA; NASIR     )   LIS PENDENS
18 KOSA; MAHA KOSA; WISAM B. KOSA;       )
   RAAD KOSA; SAIID MATTI; SHAHIN        )
19 EDALATDJU; SNAP PROPERTIES, LLC;      )
   AND ALL OTHERS SIMILARLY              )
20 SITUATED,                             )
                                         )
21                                       )
                     Plaintiffs,         )
22 vs.                                   )
   AMERICAN INVSCO CORPORATION, a        )
23 Delaware Corporation; KOVAL FLAMINGO, )
   LLC, a Nevada limited-liability company; )
24 SEG NEVADA CONSULTANTS, INC., a       )
   Nevada corporation; SEG NEVADA        )
25 MEMBERS, LLC, a Nevada limited-liability )
   company; CONDOMINIUM RENTAL           )
26 SERVICES, INC., an Illinois corporation; )
27

28

                                1

| | |
|---|---|
| 1 | AMERICAN INVSCO REALTY, INC., a          ) |
| | Nevada corporation; MERIDIAN PRIVATE     ) |
| 2 | RESIDENCES CH, LLC, a Michigan limited-  ) |
| | liability company; MERIDIAN              ) |
| 3 | CONDOMINIUM RENTAL SERVICES,             ) |
| | INC., a Nevada corporation; CONAM        ) |
| 4 | MANAGEMENT CORPORATION, a               ) |
| | California Corporation; EXECUTIVE         ) |
| 5 | LOCATIONS, LLC, a Nevada limited-liability ) |
| 6 | company; ERIC LYNN, an individual; FCC   ) |
| | MORTGAGE CORPORATION, a Nevada          ) |
| 7 | Corporation;  MAC REALTY, INC., a Nevada  ) |
| | Corporation; MICHAEL MACKENZIE, an      ) |
| 8 | individual; DALE CAMPBELL, an individual; ) |
| | REBEKAH DESMET, an individual; RON       ) |
| 9 | ALDINGER, an individual; NICK            ) |
| 10 | GOULETAS, an individual; STEVEN          ) |
| | GOULETAS, an individual;  SCOTT          ) |
| 11 | OEHLKE, an individual; NICK BAIRD, an    ) |
| | individual; SHAYNA GOLDSTEIN, an        ) |
| 12 | individual; MICHAEL ZINK, an individual;  ) |
| 13 | INVSCO GROUP, LTD., an Illinois          ) |
| | corporation; GMAC MORTGAGE             ) |
| 14 | CORPORATION, a Pennsylvania             ) |
| | Corporation; TAYLOR BEAN &              ) |
| 15 | WHITAKER MORTGAGE CORPORATION,          ) |
| 16 | a Florida corporation; COUNTRYWIDE      ) |
| | HOME LOANS, INC., a New York            ) |
| 17 | corporation;  STEARNS LENDING, INC., a    ) |
| | California corporation; ALL WESTERN      ) |
| 18 | MORTGAGE, INC., a Nevada corporation;   ) |
| 19 | WELLS FARGO BANK, a National            ) |
| | Association; OAK STREET MORTGAGE,        ) |
| 20 | LLC, a Delaware Limited Liability Company; ) |
| | GREENPOINT MORTGAGE FUNDING,            ) |
| 21 | INC. a New York corporation; SILVER      ) |
| | STATE MORTGAGE, a Nevada Limited         ) |
| 22 | Liability Company; DRAPER & KRAMER      ) |
| | MORTGAGE CORPORATION; WMC              ) |
| 23 | MORTGAGE CORPORATION, a California      ) |
| 24 | corporation; RECONSTRUCT MORTGAGE       ) |
| | CO. NA; MORTGAGE ELECTRONIC             ) |
| 25 | REGISTRATION SYSTEM (MERS);             ) |
| | REGIONS BANK; and US BANK CORP;          ) |
| 26 | DOES 1-1000; and ROE ENTITIES 1-1000,    ) |
| | ) |
| 27 | Defendants. |
| 28 | |

2

# LIS PENDENS

NOTICE IS HEREBY GIVEN that an action has been commenced and is now pending in this Court upon the Complaint of the above-named Plaintiffs, against the above-named Defendants, regarding real property situated in Clark County, Nevada.

Said real property affected thereby is commonly known as Meridian Private Residences, 210 E. Flamingo Road, Unit 214, Las Vegas, Clark County, Nevada, 89169:

Assessors Parcel Numbers: 162-16-810-062

Assessors Description: Meridian at Hughes Center
Plat Book 49 Page 40
Unit 224 Bldg 1

And more particularly described on Exhibit A attached hereto and made a part hereof.

Dated:    February 18, 2009.

MICHAEL R. MUSHKIN & ASSOCIATES

By: _____
MICHAEL R. MUSHKIN, ESQ.
Nevada State Bar #2421
4475 S. Pecos Road
Las Vegas, Nevada 89121
Attorneys for Plaintiffs

3

EXHIBIT A

||||||||||||||||||||||||||||||||||||
20060208-0003992

Fee: $16.00        RPTT: $2,631.60
N/C Fee:    $0.00
02/08/2006                    14:58:25
T20060024774

A.P.N.:    162-16-810-062
File No:    101-2250278 (PK)

Requestor:
FIRST AMERICAN TITLE COMPANY OF NEVA

When Recorded Return To:
And Mail Tax Statements To: Harry J. Brown III
24721 Las Alturas Court
Laguna Hills, CA 92653

Frances Deane            LEX
Clark County Recorder    Pgs: 4

### GRANT, BARGAIN and SALE DEED

*FOR A VALUABLE CONSIDERATION*, receipt of which is hereby acknowledged,

Koval Flamingo LLC, a Nevada Limited Liability Company

do(es) hereby *GRANT, BARGAIN and SELL* to

Harry J. Brown III, a married man as his sole and separate property

the real property situate in the County of Clark, State of Nevada, described as follows:

**PARCEL I:**

**UNIT 224 ("UNIT") IN BUILDING 1 ("BUILDING") AS SHOWN ON THE FINAL PLAT OF THE MERIDIAN AT HUGHES CENTER, FILED IN BOOK 49 OF PLATS, PAGE 40, IN THE OFFICIAL RECORDS OF THE COUNTY RECORDER, CLARK COUNTY, NEVADA ("PLAT"), AND AS DEFINED AND SET FORTH IN AND SUBJECT TO THAT CERTAIN DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR THE MERIDIAN AT HUGHES CENTER, RECORDED JUNE 1, 2005 AS INSTRUMENT NO. 01551 IN BOOK 20050601, OFFICIAL RECORDS, CLARK COUNTY, NEVADA ("THE MERIDIAN AT HUGHES CENTER DECLARATION").**

**PARCEL II:**

**TOGETHER WITH AN UNDIVIDED ALLOCATED FRACTIONAL INTEREST IN AND TO THE GENERAL COMMON ELEMENTS, AS SET FORTH IN, AND SUBJECT TO, THE PLAT AND THE MERIDIAN AT HUGHES CENTER DECLARATION.**

**PARCEL III:**

**TOGETHER WITH AN EXCLUSIVE INTEREST IN AND TO THOSE LIMITED COMMON ELEMENTS, IF ANY, APPURTENANT TO THE UNIT, AS SET FORTH IN, AND SUBJECT TO, THE PLAT AND THE MERIDIAN AT HUGHES CENTER DECLARATION.**

**PARCEL IV:**

EXHIBIT A

EXHIBIT A

**A.P.N. 162-16-810-062**          Grant, Bargain and Sale Deed -          File No.: 101-2250278 (PK)
                                          continued

**TOGETHER WITH A NON-EXCLUSIVE EASEMENT OF REASONABLE INGRESS TO AND EGRESS FROM THE UNIT, AND OF ENJOYMENT OF THE GENERAL COMMON ELEMENTS, AS SET FORTH IN, AND SUBJECT TO, THE PLAT AND THE MERIDIAN AT HUGHES CENTER DECLARATION**

Subject to:

1.    All general and special taxes for the current fiscal year.

2.    Covenants, Conditions, Restrictions, Reservations, Rights, Rights of Way and Easements now of record.

*TOGETHER* with all tenements, hereditaments and appurtenances, including easements and water rights, if any, thereto belonging or appertaining, and any reversions, remainders, rents, issues or profits thereof.

Date: 12/12/2005

EXHIBIT A

1  APN: 162-16-810-063

2

3

4  Recording requested by and mail to:
   MICHAEL R. MUSHKIN, ESQ.

5  4475 S. Pecos Road
   Las Vegas, Nevada 89121

6

7

8  LISP
   MICHAEL R. MUSHKIN, ESQ.

9  Nevada Bar no. 2421
   MICHAEL R. MUSHKIN & ASSOCIATES, P.C.

10 4475 S. Pecos Road
   Las Vegas, Nevada 89121

11 Telephone: (702) 386-3999
   Facsimile: (702) 454-3333

12
   Email: Michael@mushlaw.com

13 Attorneys for Plaintiffs

14            **UNITED STATES DISTRICT COURT**

15               **DISTRICT OF NEVADA**

16 FRANK TADDEO; AMELIA TADDEO;        )   Case no.: 2:08-cv-01463-KJD-RJJ
   MARY HELDT; VICTOR HELDT; BRUCE     )

17 COUTURIER; ELEANOR COUTURIER;       )
   RAGHID B. KOSA; BASIL KOSA; NASIR   )   LIS PENDENS

18 KOSA; MAHA KOSA; WISAM B. KOSA;     )
   RAAD KOSA; SAIID MATTI; SHAHIN      )

19 EDALATDJU; SNAP PROPERTIES, LLC;    )
   AND ALL OTHERS SIMILARLY            )

20 SITUATED,                           )
                                       )

21                Plaintiffs,          )
                                       )

22 vs.                                 )
   AMERICAN INVSCO CORPORATION, a      )

23 Delaware Corporation; KOVAL FLAMINGO, )
   LLC, a Nevada limited-liability company; )

24 SEG NEVADA CONSULTANTS, INC., a     )
   Nevada corporation; SEG NEVADA      )

25 MEMBERS, LLC, a Nevada limited-liability )
   company; CONDOMINIUM RENTAL         )

26 SERVICES, INC., an Illinois corporation; )

27

28                           1

1    AMERICAN INVSCO REALTY, INC., a    )
     Nevada corporation; MERIDIAN PRIVATE    )
2    RESIDENCES CH, LLC, a Michigan limited-    )
     liability company; MERIDIAN    )
3    CONDOMINIUM RENTAL SERVICES,    )
     INC., a Nevada corporation; CONAM    )
4    MANAGEMENT CORPORATION, a    )
     California Corporation; EXECUTIVE    )
5    LOCATIONS, LLC, a Nevada limited-liability    )
     company; ERIC LYNN, an individual; FCC    )
6    MORTGAGE CORPORATION, a Nevada    )
7    Corporation;  MAC REALTY, INC., a Nevada    )
     Corporation; MICHAEL MACKENZIE, an    )
8    individual; DALE CAMPBELL, an individual;    )
     REBEKAH DESMET, an individual; RON    )
9    ALDINGER, an individual; NICK    )
     GOULETAS, an individual; STEVEN    )
10   GOULETAS, an individual;  SCOTT    )
11   OEHLKE, an individual; NICK BAIRD, an    )
     individual; SHAYNA GOLDSTEIN, an    )
12   individual; MICHAEL ZINK, an individual;    )
     INVSCO GROUP, LTD., an Illinois    )
13   corporation;  GMAC MORTGAGE    )
14   CORPORATION, a Pennsylvania    )
     Corporation; TAYLOR BEAN &    )
15   WHITAKER MORTGAGE CORPORATION,    )
     a Florida corporation; COUNTRYWIDE    )
16   HOME LOANS, INC., a New York    )
17   corporation;  STEARNS LENDING, INC., a    )
     California corporation; ALL WESTERN    )
18   MORTGAGE, INC., a Nevada corporation;    )
     WELLS FARGO BANK, a National    )
19   Association; OAK STREET MORTGAGE,    )
     LLC, a Delaware Limited Liability Company;    )
20   GREENPOINT MORTGAGE FUNDING,    )
21   INC. a New York corporation; SILVER    )
     STATE MORTGAGE, a Nevada Limited    )
22   Liability Company; DRAPER & KRAMER    )
     MORTGAGE CORPORATION; WMC    )
23   MORTGAGE CORPORATION, a California    )
     corporation; RECONSTRUCT MORTGAGE    )
24   CO. NA; MORTGAGE ELECTRONIC    )
25   REGISTRATION SYSTEM (MERS);    )
     REGIONS BANK; and US BANK CORP;    )
26   DOES 1-1000; and ROE ENTITIES 1-1000,    )
                                               )
27                  Defendants.
     _____

28
                                    2

## LIS PENDENS

NOTICE IS HEREBY GIVEN that an action has been commenced and is now pending in this Court upon the Complaint of the above-named Plaintiffs, against the above-named Defendants, regarding real property situated in Clark County, Nevada.

Said real property affected thereby is commonly known as Meridian Private Residences, 210 E. Flamingo Road, Unit 213, Las Vegas, Clark County, Nevada, 89169:

Assessors Parcel Numbers: 162-16-810-063

Assessors Description:  Meridian at Hughes Center
Plat Book 49 Page 40
Unit 225 Bldg 1

And more particularly described on Exhibit A attached hereto and made a part hereof.

Dated:    February 18, 2009.

MICHAEL R. MUSHKIN & ASSOCIATES

By: _____
MICHAEL R. MUSHKIN, ESQ.
Nevada State Bar #2421
4475 S. Pecos Road
Las Vegas, Nevada 89121
Attorneys for Plaintiffs

3

EXHIBIT A

```
20060201-0004159

Fee: $16.00      RPTT: $2,147.10
N/C Fee: $0.00

02/01/2006                15:00:52
T20060019922
Requestor:
   FIRST AMERICAN TITLE COMPANY OF NEVADA

Frances Deane              SUO
Clark County Recorder   Pgs: 4
```

A.P.N.:   162-16-810-063
File No:   101-2202266 (PK)

When Recorded Return To:
And Mail Tax Statements To: Harry Brown III
24721 Las Alturas Court
Laguna Hills, CA 92653

### GRANT, BARGAIN and SALE DEED

*FOR A VALUABLE CONSIDERATION*, receipt of which is hereby acknowledged,

Koval Flamingo LLC, a Nevada Limited Liability Company

do(es) hereby *GRANT, BARGAIN and SELL* to

Harry Brown, III A Married Man as his Sole and Separate Property

the real property situate in the County of Clark, State of Nevada, described as follows:

**PARCEL I:**

**UNIT 225 ("UNIT") IN BUILDING 1 ("BUILDING")AS SHOWN ON THE FINAL PLAT OF THE MERIDIAN AT HUGHES CENTER, FILED IN BOOK 49 OF PLATS, PAGE 40, IN THE OFFICIAL RECORDS OF THE COUNTY RECORDER, CLARK COUNTY, NEVADA ("PLAT"), AND AS DEFINED AND SET FORTH IN AND SUBJECT TO THAT CERTAIN DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR THE MERIDIAN AT HUGHES CENTER, RECORDED JUNE 1, 2005 AS INSTRUMENT NO. 01551 IN BOOK 20050601, OFFICIAL RECORDS, CLARK COUNTY, NEVADA ("THE MERIDIAN AT HUGHES CENTER DECLARATION").**

**PARCEL II:**

**TOGETHER WITH AN UNDIVIDED ALLOCATED FRACTIONAL INTEREST IN AND TO THE GENERAL COMMON ELEMENTS, AS SET FORTH IN, AND SUBJECT TO, THE PLAT AND THE MERIDIAN AT HUGHES CENTER DECLARATION.**

**PARCEL III:**

**TOGETHER WITH AN EXCLUSIVE INTEREST IN AND TO THOSE LIMITED COMMON ELEMENTS, IF ANY, APPURTENANT TO THE UNIT, AS SET FORTH IN, AND SUBJECT TO, THE PLAT AND THE MERIDIAN AT HUGHES CENTER DECLARATION.**

**PARCEL IV:**

EXHIBIT A

EXHIBIT A

**A.P.N. 162-16-810-063**        Grant, Bargain and Sale Deed -        File No.: 101-2202266 (PK)
continued

**TOGETHER WITH A NON-EXCLUSIVE EASEMENT OF REASONABLE INGRESS TO AND EGRESS FROM THE UNIT, AND OF ENJOYMENT OF THE GENERAL COMMON ELEMENTS, AS SET FORTH IN, AND SUBJECT TO, THE PLAT AND THE MERIDIAN AT HUGHES CENTER DECLARATION**

Subject to:

1.      All general and special taxes for the current fiscal year.

2.      Covenants, Conditions, Restrictions, Reservations, Rights, Rights of Way and Easements now of record.

*TOGETHER* with all tenements, hereditaments and appurtenances, including easements and water rights, if any, thereto belonging or appertaining, and any reversions, remainders, rents, issues or profits thereof.

Date: 01/24/06

EXHIBIT A