# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| FRANK TADDEO, et al., | |
|     Plaintiffs, | Case No. 2:08-CV-01463-KJD-RJJ |
| v. | **ORDER** |
| AMERICAN INVSCO CORPORATION, et al., | |
|     Defendants. | |

    Currently pending before the Court are several Motions seeking to Cancel or Expunge Lis Pendens. Specifically, Defendants Countrywide Home Loans ("Countrywide") and Reconstruct Mortgage Co. ("Reconstruct") filed a Motion for Order Canceling Lis Pendens (#210), to which Defendants Wells Fargo Bank and GMAC Mortgage Corporation ("GMAC") filed Motions for Joinder (##230, 231). Plaintiffs filed a Response in Opposition (#229), to which Defendants filed Replies and/or Joinders in Reply (#249, 250, 251).

    Countrywide and Reconstruct filed an additional Motion for Order Canceling Lis Pendens (#305) to which Defendants GMAC, Regions Bank ("Regions"), and Mortgage Electronic Registration System, Inc. ("MERS") filed Motions for Joinder (##310, 330, 463). Plaintiffs filed a

Response in Opposition (#318), to which Defendants filed Replies and/or Joinders in Reply (#355, 463).

Additionally, Defendant GMAC filed a Motion to Expunge Lis Pendens (#317) to which Defendants MERS filed a Motion for Joinder (#463). Plaintiffs filed a Memorandum in Opposition (#356). Because Defendants' Motions to Cancel and/or Expunge Lis Pendens contain arguments that overlap, the Court considers all Motions, Joinders, Responses and Replies jointly, and issues its ruling on all Motions jointly herein.

**I. Discussion**

To date, Plaintiffs have filed 96 Notices of Lis Pendens in this case. Plaintiffs' First Notice of Lis Pendens (#58) is listed for the "Common Area" of the Meridian Private Residences, and all other Notices list specific unit numbers upon which lis pendens are attached. Each lis pendens, including the common area lis pendens, however, lists the Assessors Parcel Number for the entire Meridian Private Residences (APN 162-16-810-002 to 684), and encumbers not only the unit specified, but all 678 units and is referred to as the "universal lis pendens".

The Motions to Cancel and/or Expunge Lis Pendens proffer two arguments. First, Defendants aver that Plaintiffs cannot file a lis pendens for individuals who are not parties to this action (namely putative class members). Second, Defendants aver that the universal lis pendens, encumbering all 678 individual units of the Meridian Private Residences, is over-broad and invalid. Defendants aver that they are unfairly prejudiced by the universal lis pendens, because a condominium with a lis pendens on its title creates the impression of being a "damaged good" that hinders purchasers, and prevents foreclosure or sale.

Plaintiffs, in opposition, note that a portion of this action involves the use and ownership of the "commercial area", a part of the Meridian Private Residences' common area that was reserved to Koval by a Declaration of Reciprocal Easements which encumbers all units. According to Plaintiffs, Koval needed to encumber all of the units because each unit owner, holds an 'undivided interest' in the common area. (#318 at 3.) Plaintiffs aver that they are "compelled to place all buyers on notice

. . . that Plaintiffs are claiming exclusive ownership and right to use the 'commercial area' and that there is pending litigation involving this issue, thus requiring the universal lis pendens upon all units. (#318 at 4.) The Court does not agree.

A lis pendens is a "notice recorded in the chain of title to real property, required or permitted in some jurisdictions to warn all persons that certain property is the subject matter of litigation, and that any interests acquired during the pendency of the suit are subject to its outcome." <u>Black's Law Dictionary</u> 942–43 (7th ed. 1999). Nevada Revised Statutes Section 14.010 permits a claimant in an action for the "foreclosure of a mortgage upon real property, or affecting the title or possession of real property" to record a notice of pendency of action. Here, title to the individual units of non-parties are not at issue, and therefore need not have lis pendens recorded against them.

The Court finds that Plaintiffs' universal lis pendens improperly encumbers the entire Meridian complex because hundreds of the units encumbered are owned by non-parties to this lawsuit. Plaintiffs acknowledge that their interest in the common area stems solely from their ownership of units in the complex. Accordingly, Plaintiffs have no right to encumber the common area based upon the possession rights of unit owners who are not part of this litigation. Plaintiffs may only record lis pendens against the units owned by individuals who are named parties to this litigation, including in the property description, a reference to any ownership interest in the common area attaching to that unit.

Plaintiffs aver that the Second Amended Complaint added the names of all parties represented in this action, and that (other than the universal lis pendens) all lis pendens currently filed are for individuals who have been named as parties, and are not just putative class members. Accordingly, to the degree that all current lis pendens are filed on behalf of individuals who are parties to this litigation, Defendants' first argument is moot. Any lis pendens filed on behalf of individuals not parties to this litigation shall be expunged.

## II. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendants Countrywide Home Loans and Reconstruct Mortgage Co.'s Motion for Order Canceling Lis Pendens (#210) is **GRANTED**, in part, as to Plaintiffs' universal lis pendens, and to all lis pendens for units owned by individuals not listed as parties to this litigation.

**IT IS FURTHER ORDERED** that Defendants Countrywide Home Loans and Reconstruct Mortgage Co.'s Motion for Order Canceling Lis Pendens (#305) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant GMAC Mortgage Corporation's Motion to Expunge Lis Pendens (#317) is **GRANTED**.

DATED this 30th day of March 2010.

_____
Kent J. Dawson
United States District Judge