# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FRANK TADDEO, et al.,

    Plaintiffs,

v.

AMERICAN INVSCO CORP., et al.,

    Defendants.

Case No. 2:08-CV-01463-KJD-RJJ

**ORDER**

    Currently before the Court is Plaintiffs' Ex Parte Motion for Order Extending the Time for Service of Process and For an Order Authorizing Service by Publication (#598). Specifically, Plaintiffs seek that the Court extend the deadline by which service must be effectuated upon Defendant, The Appraisal Team, pursuant to Fed. R. Civ. P. 4(m) and authorize service by publication pursuant to Rule 4(e)(1).

    Plaintiffs aver that on or about April 27, 2010, their process server was given the Summons and Complaint, which was subsequently forwarded to a process server in Michigan for attempted service upon The Appraisal Team. Plaintiff further avers that subsequent to service upon The Michigan-based Appraisal Team, Plaintiff learned that said company was not the intended party in the instant action. Plaintiff additionally avers that service by publication and/or mail is necessary. The Court does not agree.

    Pursuant to Rule 4(m) the plaintiff bears the burden of proving that "good cause" exists to excuse a delay in service of process. The Ninth Circuit has held that in order to demonstrate good

cause for delay, a plaintiff may be required to show that (a) defendants received actual notice of the lawsuit; (b) defendant would not suffer prejudice; and (c) plaintiff would be severely prejudiced if lawsuit were dismissed.  In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001).  Additionally, the Ninth Circuit has stated that "[a]t a minimum, 'good cause' means excusable neglect." Id. quoting Boudette v. Barnette, 923 F.2d 754, 756 (9th Cir. 1991).  Here, Plaintiffs have failed to demonstrate that good cause exists to excuse their delay in serving The Appraisal Team.

Specifically, Rule 4(m) provides that service of the summons and complaint be filed within 120 days of the filing of the complaint unless plaintiff "shows good cause for the failure." Fed. R. Civ. P. 4(m).  Plaintiffs' Second Amended Complaint (#312) naming The Appraisal Team, was filed on October 15, 2009, making service of process due upon all proposed defendants by February 2, 2010.  Plaintiffs' current Motion states that service was not attempted upon The Appraisal Team, until April 27, 2010, more than eighty (80) days after the deadline for service had passed.  Plaintiffs offer no explanation or justification as to why service was not attempted upon The Appraisal Team prior to April 27, 2010, but seeks only that the Court grant an extension.

Accordingly, Plaintiffs' Motion fails to demonstrate good cause for their failure to effectuate service upon The Appraisal Team prior to the Rule 4(m) deadline.

**IT IS HEREBY ORDERED** that Plaintiffs' Ex Parte Motion for Order Extending the Time for Service of Process and For an Order Authorizing Service by Publication (#598) is **DENIED**.

DATED this 2nd day of June 2010.

_____
Kent J. Dawson
United States District Judge