# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FRANK TADDEO, et al.,

    Plaintiffs,

v.

MERIDIAN PRIVATE RESIDENCES
HOMEOWNERS ASSOCIATION, et al.,

    Defendants.

Case No. 2:08-CV-01463-KJD-RJJ

**ORDER**

    Currently pending before the Court are several Motions to Dismiss filed by a number of the Defendants named in Plaintiffs' Second Amended Complaint ("SAC"). The Motions are similar, in that they are filed by lending institutions, (herein referred to as "non-preferred lenders") and make similar and/or identical arguments. Moreover, Plaintiffs' Responses in Opposition to said Motions likewise present similar and/or identical arguments. In the interest of judicial economy, the Court considers the Motions filed by said non-preferred lenders and addresses them, together along with all corresponding Motions for Joinder, Responses and Replies.[1]

    GMAC Mortgage, LLC's ("GMAC") filed its Motion to Dismiss (#316) to which Defendants First Horizon Home Loan Corporation, First Horizon National Corporation, ("referred to jointly as "Horizon") (#571) and Citibank, N.A. (#618) filed Motions for Joinder, and Plaintiff filed a Reply (#356).

    Defendants Regions Bank and Draper & Kramer Mortgage Corporation's also filed a Motion to Dismiss (#338), to which Defendants All Western Mortgage, Inc. (#349), WMC Mortgage Corp.

---

[1] Additionally before the Court are Motions to Dismiss filed by other Defendants which are under submission, and will be considered in a separate, forthcoming order.

1  (#392), Meridias Capital, Inc. (#486), Horizon (#571) and Citibank (#618) filed Motions for Joinder.

2  Plaintiff filed a Response in Opposition (#361), to which Plaintiffs filed a Reply (#371).

3        Defendant Wells Fargo Bank filed a Motion to Dismiss (#363), to which Defendants ECM,

4  JP Morgan Chase Bank, N.A., Mortgage Electronic Registration System, Inc. ("MERS"),

5  Washington Mutual Bank F.A., (#482), Litton Loan Servicing L.P. (#489), Decision One Mortgage

6  Company, LLC (#517), PHH Mortgage Corporation (#519), Shaya Goldstein (#520), Horizon

7  (#571), Colonial Savings F.A. (#616), Citibank (#618) and Greenpoint Mortgage Funding Inc.

8  (#633), filed Motions for Joinder.  Plaintiff filed a Response in Opposition (#377), to which

9  Defendants filed Replies (## 383, 503).

10        Defendants Recontrust Company and Countrywide Home Loans filed a Motion to Dismiss

11  (#366), to which Defendants National City Mortgage (#608) filed a Motion for Joinder.  Plaintiffs

12  filed a Response (#380), to which Defendants filed Replies (##388, 391, 622).

13        Defendant Stearns Lending Inc. Filed a Motion to Dismiss (#367), to which Defendants

14  EMC, JP Morgan Chase Bank N.A., MERS (#482), Litton Loan Servicing LP (#489), PHH

15  Mortgage (#519), Horizon (#571), Colonial Savings, F.A., (#616), Citibank (#618), U.S. National

16  Bank Association (#629), PMAC Lending Services (#632), and Greenpoint Mortgage Funding, Inc.

17  (#633) filed Motions for Joinder.  Plaintiff filed a Response in Opposition (#381), and Defendant

18  filed a Reply (#503).

19        The non-preferred lenders seek that the Court dismiss Plaintiffs' claims against them found in

20  the SAC pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be

21  granted.  Specifically, Defendants aver that Plaintiffs have joined as Defendants, lenders who have

22  either subsequently acquired the subject promissory notes through which Plaintiffs purchased the

23  Meridian properties, or which "were otherwise not involved in the initial [alleged] conspiracy to

24  defraud" but which maintain interest—including the deeds of trust securing the notes—and

25  encumbering the subject properties.  (#316 at 3.)

26

## I. Background

On September 14, 2009, the Court issued an Order (#291) requiring Plaintiffs to file a second amended complaint. As ordered, Plaintiffs filed a Second Amended Complaint (#312) on October 15, 2010. On November 2, 2010, Plaintiffs filed an Errata to their Second Amended Complaint (#350) indicating that there had been technical difficulties with their attempt at filing the original Second Amended Complaint.[2] (See #361.) Plaintiffs' Second Amended Complaint adds numerous new Defendants and causes of action. Germane to the instant Motions, is that Plaintiffs' Second Amended Complaint differs from the First Amended Complaint in that it narrows Plaintiffs' claims against Defendant lenders into a group of six lenders it refers to as "preferred lenders", who allegedly acted wrongfully in cooperation with the developer defendants, and 47 other "non-preferred" lenders which subsequently acquired the Meridian loans, and against which no outright allegations of fraud or wrongdoing are made. (#350 at ¶ 142–43.) Like the First Amended Complaint, the SAC seeks to set aside the deeds of trust in favor of non-preferred lenders on the basis of the alleged fraud committed by KOVAL and INVSCO and the preferred lenders and appraisers.

In their Motions to Dismiss and Joinder Motions, the non-preferred lender Defendants argue *inter alia* that the SAC fails to clarify which claims are being asserted against which parties, that without more particularity the claims in the SAC do not sufficiently give notice to all listed defendants, and that there is no underlying cause of action against most of the lenders because the deeds of trust are valid encumbrances. (See #363 at 3.)

Plaintiffs, in opposition, argue that the non-lenders are necessary and indispensable parties to this action under Fed. R. Civ. P. 19 because Plaintiffs are entitled to be restored to their original status through the remedy of rescission. Specifically, Plaintiffs claim that when their mortgage obligations were sold or acquired on the secondary market by other lenders or investors, said lenders committed a "subversion of the originating bank's underwriting process," (#350 at ¶ 140) and that

---

[2] The Court refers to the Errata (#350) as the Second Amended Complaint—or SAC—herein.

"any lender purchasing or refinancing Meridian mortgages knew, or reasonably should have known that fraud was integral in the creation of the original mortgage obligations." (Id. at ¶ 141.)  Under this line of reasoning, Plaintiffs aver that the deeds of trust may be rendered invalid.   The Court does not agree.

**II. Standard of Law for Motion to Dismiss and Summary Judgment**

Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted."  A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to rise above the speculative level."  Twombly, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  Iqbal, 129 S. Ct. at 1949 (internal citation omitted).

In Iqbal, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, the Court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.  Id. at 1949.  Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief.  Id. at 1950.  A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.  Id. at 1949.  Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief."  Id. (internal quotation marks

omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. Twombly, 550 U.S. at 570.

**III. Analysis**

Paragraph 63 of the SAC lists 47 non-preferred lender Defendants, as "entities who have made loans secured by deeds of trust on Plaintiffs' properties . . . and hold title to Plaintiffs' properties." (#350 ¶ 63.) Additionally, as stated above, the SAC alleges that when Plaintiffs' mortgage obligations were sold on the secondary market to other lenders or investors, said lenders/investors committed a "subversion of the originating bank's underwriting process" when conducting due diligence review because "any lender purchasing or refinancing Meridian mortgages knew or reasonably should have known that fraud was integral in the creation of the original mortgage obligations." (Id. at ¶ 148–151.)

The Court finds that Plaintiffs' general allegations made against non-preferred lenders in Paragraph 63 of the SAC fail to state a plausible claim upon which relief can be granted. Plaintiffs cannot demonstrate that said parties were involved in the fraudulent behavior alleged against the KOVAL and INVSCO related parties, or those parties named as preferred lenders and appraisers. Additionally, the SAC fails to allege how and/or why the non-preferred lenders listed are not holders in due course of the subject promissory notes, or that rescission is a likely or possible remedy.

Plaintiffs admit that the causes of action listed in the SAC are "primarily targeted against the KOVAL and the INVSCO related defendants as well as the [p]referred [l]enders and [p]referred [a]ppraisers." (#361 at 3.) Moreover, Plaintiffs state that the non-preferred lenders were joined simply because "it was necessary to place said lenders on notice that the Plaintiffs seek rescission of the transactions and to cancel the lenders' mortgages and deeds of trust." (Id.) Plaintiffs are incorrect.

As previously stated by this Court, a promissory note is a negotiable instrument, N.R.S. §104.3104, which is subject to legal transfer, by the holder or its trustee pursuant to N.R.S. § 104.3203, to another party who may become a holder in due course pursuant to N.R.S. § 104. 3302,

1  taking free of all except enumerated defenses.  See NRS § 104.3305; Matlock v. Greyhound Lines,
2  Inc., 2010 WL 3171262 (D. Nev. Aug. 10, 2010).  Here, Plaintiffs aver that the subject mortgage
3  obligations were sold to, or acquired by, non-preferred lender Defendants on the secondary market.
4  Thus, the allegations in the Complaint suggest that said non-preferred lenders and/or investors
5  became holders in due course of the deeds of trust taking free of all defenses except those
6  enumerated in N.R.S. § 101.3305.  Moreover, Plaintiffs have failed to allege that the note-holders are
7  subject to any of the defenses enumerated in N.R.S. § 101.3305.  It is not enough simply that
8  Plaintiffs are seeking a rescissionary remedy where it is alleged that there are intervening parties and
9  interests that cannot be restored to their former positions.
10         "Rescission is an equitable remedy which totally abrogates a contract and which seeks to
11 place the parties in the position they occupied prior to executing the contract."  Awada v. Shuffle
12 Master, Inc., 173 P.3d 707 (Nev. 2007)(citation omitted).  The power to grant rescission or
13 cancellation of an instrument is left to the sound and reasonable discretion of the court.  See Hicks v.
14 Clayton, 67 Cal.App.3d 251 (Cal. App. 1977).  Rescissionary power however, should be exercised
15 sparingly in conformity with clearly established principles of equity jurisprudence.  See, Hodgson v.
16 Occidental Petroleum Corp., 875 F.2d 870 (9th Cir. 1989); Veazie v. Williams, 49 U.S. 134, 1850
17 WL 6849 (1850).  That rescission or cancellation is an available remedy does not lead to the
18 conclusion that it is required.  See Goulson v. YumA Brands, Inc., 283 Fed. Appx. 374, 380 (6th Cir.
19 2008); Augustine v. Rogers, 710 N.E.2d 1030 (Mass.App.Ct. 1999).  Plaintiffs have alleged no facts
20 that could demonstrate the subject deeds of trust at issue are, or will be, rendered invalid.
21        As stated above, due to non-preferred lenders' allegations of intervening interests that cannot
22 be restored to their former positions, because Plaintiffs have failed to allege that non-preferred
23 lenders are not holders in due course of the subject notes, and because Plaintiffs have failed to
24 sufficiently allege fraud by any non-preferred lenders, the Court finds that rescission is not a viable
25 remedy.  Plaintiffs may receive complete relief and be able to proceed on their remaining claims
26 against remaining KOVAL, INVSCO, and preferred lender and appraiser parties without title to the

real property. Thus the Court finds that the non-preferred lenders are not necessary parties pursuant to Fed. R. Civ. P. 19.

### IV. Conclusion

**IT IS HEREBY ORDERED** that GMAC Mortgage, LLC's Motion to Dismiss (#316) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Regions Bank and Draper & Kramer Mortgage Corporation's Motion to Dismiss (#338) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Wells Fargo Bank's Motion to Dismiss (#363) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Recontrust Company and Countrywide Home Loans Motion to Dismiss (#366) is **GRANTED** in part, as to the Second Amended Complaint's allegations against them as non-preferred lenders.[3]

**IT IS FURTHER ORDERED** that Defendant Stearns Lending Inc.'s Motion to Dismiss (#367) is **GRANTED**.

**IT IS FURTHER ORDERED** that the non-preferred lender Defendants listed in Paragraph 63 of the Second Amended Complaint (#350) are dismissed from this action to the extent that they are alleged to be non-preferred lenders.

DATED this 20th day of September 2010.

_____
Kent J. Dawson
United States District Judge

---

[3] Defendant Countrywide is also named as a preferred lender in the Second Amended Complaint. (#350 at ¶ 92.) The Court considers Countrywide's Motion to Dismiss the Second Amended Complaint in Countrywide's alleged capacity as a preferred lender in a separate, forthcoming order.