# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FRANK TADDEO, et al.,

    Plaintiffs,

v.

MERIDIAN PRIVATE RESIDENCES HOMEOWNERS ASSOCIATION, et al.,

    Defendants.

Case No. 2:08-CV-01463-KJD-RJJ

**ORDER**

    Currently before the Court is Defendant Shaya Goldstein's Motion to Dismiss (#332) to which Ronald Aldinger (#354), Meridian Private Residences CH, LLC., and Dale Campbell (#357), filed Motions for Joinder. Plaintiffs filed a Response (#358), to which Defendant Shayna Goldstein filed a Reply (#368).

    Also before the Court is Defendant Seg Nevada Members, LLC, Condominium Rental Services, Inc., American Invsco Realty, Inc., Meridian Condominium Rental Services, Inc., American Invsco Corporation, Nick Gouletas, Steven Gouletas, and Invsco Group, Ltd.'s Motion to Dismiss (#341), to which Defendants Rebekah Desmet (#342), Koval Flamingo (#347), Shayna Goldstein (#351), Ronald Aldinger (#354), Meridian Private Residences (#357), American Invsco Corporation (#504), Mark Goldstein (#562) and Michael Bench (#588), filed Motions for Joinder.

No Response was filed by Plaintiffs, yet American Invsco Corporation and Shayna Goldstein filed Replies (##369, 368).

Also before the Court is Defendant Koval Flamingo LLC's Motion to Dismiss (#343), to which Meridian Private Residences CH, LLC, and Dale Campbell (#345, 357), Ronald Aldinger (#354), Shayna Goldstein (#376), Rebekah Desmet (#382), Dale Campbell and Meridian Private Residences (#397), Koval Flamingo Holdings, LLC, Koval Flamingo Investors, LLC, and Bruce Seyburn (#498), filed Motions for Joinder. Plaintiff filed a Response (#360), to which Koval Flamingo (#370), filed a Reply.

Also before the Court is Defendant ConAm Management Corporations's Motion to Dismiss (#359). Plaintiffs filed a Response (#379), to which ConAm Management Corporation filed a Reply (#387).

Also before the Court is Commonwealth Land Title Insurance Company's Motion for More Definite Statement (#409), to which Defendant First American Title (#491) filed a Motion for Joinder. Plaintiff filed a Response in Opposition (#462), to which Commonwealth Land Title Insurance Company filed a Reply (#478).

Also before the Court is Defendant Mortgage Electronic Registration System's ("MERS") Motion to Dismiss Divinity Libby (#458) to which Plaintiff filed a Response in Opposition (#481).[1]

Also before the Court is Defendants EMC, JP Morgan Chase Bank, N.A., JP Morgan Chase Bank, N.A., Mortgage Electronic Registration System, Inc., and Washington Mutual Bank F.A.'s Motion to Stay all Proceedings (#483), to which PPH Mortgage Corporation (#519), First Horizon Home Loan Corporation, First Horizon National Corporation, First Horizon National Corporation

---

[1] Defendant MERS' Motion to Dismiss Divinity Libby (#458) seeks Libby's dismissal as a Plaintiff for lack of standing resultant of Libby's filing for Chapter 11 bankruptcy protection. Plaintiff Libby's Response avers however that her bankruptcy filing was subsequent to the filing of the FAC and SAC in this action. Libby avers that she remains the debtor in possession of her bankruptcy estate and that she has no intention of abandoning her claims in this action. Accordingly, MERS' Motion to Dismiss (#458) is denied.

2

(#571), Colonial Savings, F.A (#616), and Greenpoint Mortgage Funding, Inc. (#633), filed Motions for Joinder.  Plaintiff filed a Response (#495), to which Defendants EMC, JP Morgan Chase Bank, N.A., JP Morgan Chase Bank, N.A., Mortgage Electronic Registration System, Inc., and Washington Mutual Bank F.A. filed a Reply (#503).

The Court has reviewed all above listed pending Motions, Joinders to said Motions, and their responsive pleadings, and issues its ruling upon all Motions together herein.  Specifically, the Court notes that due to the nature of the pending Motions, many of the arguments presented are repetitive, and/or overlap the positions and averments of other parties.  Moreover, upon consideration of Defendants' various Motions to Dismiss, and/or Motions for a More Definite Statement, and for the reasons stated herein, the Court orders Plaintiffs to file a More Definite Statement pursuant to Fed. R. Civ. P. 8, 9, and 10.

**I. Background**

On September 14, 2009, this Court issued an Order (#291) finding that Plaintiffs' First Amended Complaint was deficient in numerous regards, in that "Defendants [could] not reasonably be expected, without more specific allegations, to frame an adequate response.  Though over 30 pages in length, and supplemented by numerous exhibits, as currently framed, the FAC is ambiguous regarding which claims for relief are brought against which Defendants, and which Plaintiffs seek relief under which claims."  (#291 at 8.)

The Court required Plaintiffs to file a second amended complaint on or before October 15, 2009, which would appropriately designate within each claim, each Defendant or group of Defendants against whom the claim is being brought, which Plaintiff or group of Plaintiffs is bringing said claims, and the remedy sought in relation to said claim.  Additionally, Plaintiffs were ordered to state with particularity, where appropriate, the circumstances constituting fraud or mistake

against each Defendant or group of Defendants. (#291.) The Court's Order did not authorize the addition of any parties to the action, and did not authorize the addition of any claims.

Plaintiffs filed a Second Amended Complaint (#312) on October 15, 2009. On November 2, 2009, Plaintiffs filed an Errata to their Second Amended Complaint (#350) stating that there had been technical difficulties with their attempt at filing the original Second Amended Complaint.[2] (See #361.) Plaintiff avers that a draft of their Second Amended Complaint was filed accidentally, and that the mistake was not noticed until November 2, 2009.

Plaintiffs' Second Amended Complaint ("SAC") adds over 200 additional plaintiffs, 50 additional Defendants, nine new claims for relief, and is over ninety (90) pages in length. It differs from the First Amended Complaint in that it narrows Plaintiffs' claims against Defendants into numerous groups. Specifically the SAC differentiates "lenders" into one group of six lenders referred to as "preferred lenders", who allegedly acted wrongfully in cooperation with the developer Defendants, and 47 other "non-preferred" lenders which subsequently acquired the Meridian loans on the secondary market, and against which no outright allegations of fraud or wrongdoing are made. (#350 at ¶ 142–43.) The SAC also attempts to narrow Plaintiffs' claims by grouping 31 other Defendants together as INVSCO related entities, listed as INVSCO's "agents and subsidiaries," others as "preferred title insurance and escrow companies", and other Defendants as "preferred appraisal companies". (See #350 at ¶ 80, 93, 94.)

On September 20, 2010, following substantial briefing and a hearing on Motion for Preliminary Injunction regarding foreclosure proceedings of one subject Meridian unit, the Court issued an Order (#693) granting dismissal of all Defendants named as non-preferred lenders in ¶ 63 of the SAC, to the extent that they were alleged to be non-preferred lenders. (See Order #693, Granting Motions ##316, 338, 363, 366, 367, 350, and respective Motions for Joinder.)

---

[2] The Court refers to the Errata (#350) as the Second Amended Complaint—or SAC—herein.

4

Here, the Court considers the Motions made by other named Defendants which argue *inter alia*, that the SAC is too broad and ambiguous for Defendants to ascertain which claims are being brought by which Plaintiffs against which Defendants, thus hindering Defendants' ability to form responsive pleadings.

Defendants Seg Nevada Members, LLC, Condominium Rental Services, Inc., American Invsco Realty, Inc., Meridian Condominium Rental Services, Inc., American Invsco Corporation, Nick Gouletas, Steven Gouletas, Invsco Group, Ltd.'s Motion to Dismiss (#341) was filed during the interim period after Plaintiff's Second Amended Complaint was filed and before the Errata (#350) was filed. Its allegations however, are generally applicable to the SAC, and are addressed together with Defendant Koval Flamingo LLC's Motion.

Defendant Koval Flamingo LLC's Motion to Dismiss (#343) and Defendant ConAm Management Corporations's Motions to Dismiss (#359) challenge the viability of the SAC for a number of reasons. Specifically, Koval avers that the SAC does not meet the federal pleading standards set forth in Fed. R. Civ. P. 8, 9(b), and 10(b) because it fails to designate within each claim asserted, the Defendant or group of Defendants against whom each claim is being brought, fails to designate which Plaintiff or group of Plaintiffs is brining each claim, fails to designate within each claim the remedy sought in relation to such claim, and fails to state with particularity the circumstances constituting fraud or mistake against each Defendant or group of Defendants. Additionally, Koval avers that the SAC should be dismissed because it was not filed within the time period permitted by the Court.

Commonwealth Land Title Insurance Company's ("Commonwealth") Motion for More Definite Statement (#409) also criticizes the SAC as being too ambiguous. Specifically, Commonwealth is critical of Plaintiffs' thirteenth cause of action for breach of fiduciary duty, noting that the SAC lumps Commonwealth together with other title insurance companies and vaguely

5

alleges, that all title companies involved in this action breached fiduciary duties in connection with escrow and title insurance for 247 separate condominium unit closings over a two-year period. (#409 at 2.) Commonwealth specifically seeks that the Court order Plaintiffs to amend the SAC to allege with specificity a separate breach of fiduciary duty count based on each transaction which may have involved Commonwealth.

**II. Legal Standard**

    **A. Motion to Dismiss**

Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (internal citation omitted).

In Iqbal, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the Court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. Id. at 1949. Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable

inference that the defendant is liable for the alleged misconduct. Id. at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. Twombly, 550 U.S. at 570.

Additionally, as an alternative to dismissal, Defendants have filed Motions pursuant to Rule 12(e), seeking that the Court order Plaintiffs to file a more definite statement. Generally, a defendant may file a motion for a more definite statement when the complaint "is so vague or ambiguous" that the defendant "cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). "Whether to grant or deny such a motion lies within the sound discretion of the court." See Graham v, Prudential Home Mortg. Co., Inc., 186 F.R.D. 651, 653 (D. Kan. 1999).

Rule 12(e) states,

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

**B. Rule 8**

Rule 8 provides that a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The Court finds the SAC is lacking in sufficient particularity and detail, as discussed in greater depth herein.

**C. Rule 9**

Rule 9(b) sets forth the requirements for pleading fraud or mistake, stating that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Additionally, Rule 9(b) "does not allow a complaint to merely lump multiple defendants together but "require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." Swartz v. KPMG LLP, 476 F.3d 756 (9th Cir. 2007) (citing Haskin v. R.J. Reynolds Tobacco Co., 995 F.Supp. 1437, 1439 (M.D.Fla.1998) (citation, quotation omitted). In cases of fraud involving multiple defendants, a plaintiff must, at a minimum, "identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme." Id. (citing Moore v. Kayport Package Express, Inc., 885 F.2d 531, 541 (9th Cir. 1989)).

Defendants aver that Plaintiffs' claims alleging fraud or mistake lack the particularity required by Rule 9(b). Defendants allege, *inter alia* that Plaintiffs' fraud based claims lack any allegations containing the requisite particularity. The Court agrees. A review of the SAC demonstrates a general lack of particularity as to Defendants' alleged fraudulent actions. Specifically, the SAC brings 26 claims, 12 of which involve allegations of fraud, and 17 that lump together 31 Defendants as INVSCO agents and subsidiaries, who allegedly "participated in the fraudulent activity" yet does not designate any statement, time, date, or manner in which such fraud or misrepresentations took place.[3]

---

[3]Causes of action grounded in fraud include: First (Fraud and Fraudulent Inducement—Positive Cash Flow Scheme); Second (Fraudulent Inducement—No Zoning or licensure); Third (Fraudulent Inducement—Price Inflation scheme); Fourth (Fraudulent Inducement—Flamingo Gate Ownership); Fifth (Fraudulent Inducement Commercial Area

1  Here, the large number of parties and the potential complexity of Plaintiffs' case (over 200
2  named Plaintiffs, on their own behalf and on behalf of approximately 600 other alleged similarly
3  situated persons, bringing 25 "causes of action") compels the Court to require Plaintiffs to file an
4  amended complaint to which Defendants and the Court can more easily respond.

**D. Rule 10**

Rule 10(b) provides that,

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial--must be stated in a separate count or defense.

The Ninth Circuit has held that under Rule 10(b), where, like here, multiple plaintiffs seek to assert separate claims for relief arising from separate transactions or occurrences, each such person's claim must be stated in a separate count. Bautista v. Los Angeles County, 216 F.3d. 837 (9th Cir. 2000). "[E]ach plaintiff's claim being founded upon a separate transaction or occurrence, it is properly "stated in a separate count . . . [because] a separation facilitates the clear presentation of the matters set forth." Fed. R. Civ. P. 10(b); James Wm Moore, et al., Moore's Federal Practice, § 10.03[2][a] (3d ed. 1997). "Separate counts will be required if necessary to enable the defendant to frame a responsive pleading or to enable the court and the other parties to understand the claims." Moore's, § 10.03[2][a].

---

Retention); Sixth (Securities Fraud); Ninth (Breach of Implied Covenant of Good Faith and Fair Dealing); Eleventh (Deceptive Trade Practices/Fraud—N.R.S. § 598.0915(15); Twelfth (Deceptive Trade Practices/Fraud—N.R.S. § 598.0923(1)); Thirteenth (Breach of Fiduciary Duty—Title and Escrow Improprieties); Eighteenth (Conspiracy); and Nineteenth (Piercing the Veil).

Defendants aver that the SAC fails to comply with Rule 10(b) in that it fails to plead separate transactions or occurrences as separate counts. The Court has reviewed Defendants' allegations and finds them to have merit. Though the Court does not agree with all of Defendants' allegations regarding the SAC's non-compliance with Rule 10, the Court does find that the SAC fails to comply with Rule 10, as several claims fail to limit paragraphs to a single set of circumstances particular to any one Defendant, and do not identify which Plaintiffs are bringing claims in each "cause of action." Instead, the SAC groups all Plaintiffs' claims together in spite of different Plaintiffs allegedly entering into different purchase and lease-back agreements.

Moreover, Plaintiffs' Response to the various dismissal motions is hardly clarifying or ingenuous, as it claims "[a]ll of the acts of the Defendants identified throughout the SAC affected all of the Plaintiffs . . ." (#360 at 15.) This cannot state an accurate position, as even a cursory reading of the SAC demonstrates the impossibility that all alleged Plaintiffs were affected by the actions of all Defendants. For example, as stated above, Commonwealth has noted that it was not involved in every transaction alleged. Moreover, Defendant ConAm's Motion to Dismiss (#359), notes that unlike the FAC which listed ConAm in just one cause of action (for accounting), the SAC lumps ConAm into a laundry list of 31 INVSCO related entities and subsidiaries in seventeen causes of action, even though no additional material factual allegations relating to ConAm were added to the SAC. (See #359 at 3.)

Plaintiffs, in response to allegations of ambiguity, also propose that the fraudulent actions alleged in the SAC effectively constitute a "single cataclysmic event common to all Plaintiffs" that has given rise to all of Plaintiffs' separate claims. (See #360 at 14); Abarca v. Franklin County, 2009 WL 1393508 (E.D. Cal. May 18, 2009). The Court does not agree. The SAC's attempt to group the allegations concerning the alleged fraudulent transactions involving all 600 purported Plaintiffs into a "single cataclysmic event" is implausible. The SAC seeks individual relief for each of the

10

plaintiffs based upon individual separate transactions or occurrences, including rescissionary and injunctive relief.

The SAC is ambiguous and overly broad. Additionally, as per this Court's Order of September 20, 2010, 47 of the named Defendants have been dismissed, as pertaining to their role as non-preferred lenders. Moreover, the Court is not convinced that the Rule 10(b) standard under Bautista has been met.

The nature of this case accordingly, begs the question as to whether any purported Plaintiff can have claims typical and common to all parties pursuant to Rule 23. Unlike a shareholder derivative action, where omissions or actions of directors may affect all holders of common stock, the weight of claims here can only be proven with facts or allegations specific to each Plaintiff and/or each Defendant. As noted above however, the SAC is sorely deficient in details regarding proposed fraud related actions.

Additionally, Plaintiffs admit that their SAC fails to comply with the Court's previous Order for all of their claims for relief. (See #360 at 15, conceding that SAC complies with Court's Order for "majority of claims.") This form of response is not acceptable. The Ninth Circuit has set forth sound direction regarding the necessity of proper pleading when it stated "[e]xperience teaches that unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice" Bautista, 216 F.3d at 840.

**E. Class Certification**

As set forth in the SAC, jurisdiction in this forum is founded solely on Plaintiffs' allegations that the claims are brought pursuant to 28 U.S.C. § 1332(d)(2). As the Court has expressed doubt regarding the typicality and commonality of the purported Plaintiffs and their claims, in conjunction with the SAC, it is pertinent that Plaintiffs file an amended motion to certify class. As the parties are

11

aware, the Court denied Plaintiffs' initial Motion for class certification without prejudice, in its Order of September 16, 2009, (#292) based upon the finding that the Plaintiffs' First Amended Complaint was ambiguous and overly-broad.  Defendants had opposed class certification, based upon their allegations that Plaintiffs' Motion was  premature, that the FAC was ambiguous, and averring that additional discovery was needed regarding the requirements of class certification under Fed. R. Civ. P. 23, and the Court agreed.

Accordingly, as there is no current motion seeking class certification before the Court, and because the Court has ordered Plaintiffs to file an amended complaint correcting the deficiencies noted herein, Plaintiffs shall have fifteen days from the date of filing its third amended complaint in which to file a motion for class certification.  The Court will entertain requests for any extension of time regarding class certification should the parties need to conduct discovery regarding the issue.

**IV. Conclusion**

**IT IS HEREBY ORDERED** that Plaintiffs shall file an amended complaint on or before October 30, 2010, that complies with this Order in every respect.

Specifically, the amended complaint shall appropriately designate within each claim, each Defendant or group of Defendants against whom the claim is being brought, which Plaintiff or group of Plaintiffs is bringing said claims, and the remedy sought in relation to said claim.  Additionally, the amended complaint shall state with particularity, the circumstances constituting fraud or mistake against each Defendant or group of Defendants.  Failure to Comply with this Order, or to rectify the deficiencies in the SAC noted herein, will result in dismissal pursuant to Fed. R. Civ. P. 8, 9, 10, 12, and 41.

**IT IS FURTHER ORDERED** that Plaintiffs shall file a motion to certify class on or before November 15, 2010.

**IT IS FURTHER ORDERED** that Defendant Shayna Goldstein's Motion to Dismiss (#332) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Defendant Seg Nevada Members, LLC, Condominium Rental Services, Inc., American Invsco Realty, Inc., Meridian Condominium Rental Services, Inc., American Invsco Corporation, Nick Gouletas, Steven Gouletas, Invsco Group, Ltd.'s Motion to Dismiss (#341), is **DENIED**, without prejudice.

**IT IS FURTHER ORDERED** that Defendant Koval Flamingo LLC's Motion to Dismiss (#343) is **DENIED**, without prejudice.

**IT IS FURTHER ORDERED** that Defendant Conam Management Corporations's Motion to Dismiss (#359) is **DENIED**, without prejudice.

**IT IS FURTHER ORDERED** that Commonwealth Land Title Insurance Company's Motion for More Definite Statement (#409) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant MERS Motion to Dismiss Divinity Libby (#458) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants EMC, JP Morgan Chase Bank, N.A., JP Morgan Chase Bank, N.A., Mortgage Electronic Registration System, Inc., Washington Mutual Bank F.A.'s Motion to Stay all Proceedings (#483) is **DENIED**, as moot, per the Court's Order (#693).

DATED this 30th day of September 2010.

_____
Kent J. Dawson
United States District Judge