# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| FRANK TADDEO, et al., | |
| Plaintiffs, | Case No. 2:08-CV-01463-KJD-RJJ |
| v. | **ORDER** |
| AMERICAN INVSCO CORPORATION, et al., | |
| Defendants. | |

     Currently before the Court is Defendant Countrywide Home Loans' ("Countrywide") Motion to Stay Briefing (#714). Countrywide requests that the Court stay briefing on Plaintiffs' Motion to Certify Class (#706) until all other pending dispositive motions in this action are resolved.

     On September 30, 2010, the Court issued an Order (#695), requiring Plaintiffs to file a Third Amended Complaint, and subsequently, a motion for class certification. Specifically, the Court recognized Plaintiffs' prior admission that jurisdiction in this forum is founded solely on allegations brought pursuant to 28 U.S.C. § 1332(d)(2). The Court additionally stated its doubt regarding the typicality and commonality of the purported Plaintiffs and claims, as pled in the Second Amended

Complaint, and found it pertinent that an amended motion to certify class be filed.[1]  In its Order of September 30, 2010, the Court indicated that additional discovery regarding class certification may be needed, and that the Court was willing to entertain requests for extensions of time if necessitated. Here however, Countrywide has sought to stay the issue of class certification entirely, until Defendants' pending dispositive motions have been fully briefed and ruled upon, alleging that the Court should ensure that the Plaintiffs' Third Amended Complaint (#701) complies with the Court's Order of September 30, 2010.  The Court does not agree.  Federal jurisdiction in this case hinges upon approval of Plaintiffs' class certification.  As the Court has previously expressed doubt regarding the typicality and commonality of Plaintiffs' alleged claims the issue of class certification remains germane to any discussion of dismissal.

Accordingly, **IT IS HEREBY ORDERED** that Defendant Countrywide Home Loans' Motion to Stay Briefing (#714) is **DENIED**.

DATED this 23rd day of November 2010.

_____
Kent J. Dawson
United States District Judge

---

[1] The Court denied Plaintiffs' initial Motion for class certification without prejudice in its Order of September 16, 2009, (#292) based upon the finding that the Plaintiffs' First Amended Complaint was ambiguous and overly-broad. Defendants had opposed class certification based upon their allegations that Plaintiffs' Motion was premature, that the FAC was ambiguous, and averring that additional discovery was needed regarding the requirements of class certification under Fed. R. Civ. P. 23, and the Court agreed.