# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FRANK TADDEO, et al.,

    Plaintiffs,

v.

AMERICAN INVSCO CORPORATION, et al.,

    Defendants.

Case No. 2:08-CV-01463-KJD-RJJ

**ORDER**

    On November 10, 2010, Plaintiffs filed their Motion to Certify as a Class Action (#706). Defendants American Invsco Corporation, American Invsco Realty, Inc., Condominium Rental Services, Inc., Nick Gouletas, Steven Gouletas, Invsco Group, Ltd., Meridian Condominium Rental Services, Inc., Seg Nevada Consultants, Inc., and Seg Nevada Members, LLC filed a Motion to Extend Time (#722) and a Motion to Lift Stay (#723). Defendant Countrywide Home Loans, Inc. joined (#743) and filed an Opposition to Plaintiffs' Motion to Certify as Class Action (#742). Plaintiffs replied (#751). Defendant Conam Management Corporation filed an Opposition to Certify as Class Action (#729) and Plaintiffs replied (#749). Defendant Conam filed a Supplemental Brief in response (#768). Also before the Court is Plaintiffs' Motion for Oral Hearing on Order Shortening Time on All Motions Pending Longer than 60 Days (#806).

    Each of these Defendants has requested that the Court temporarily lift the stay of discovery imposed pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") codified in 15 U.S.C. §§ 78u-4, for the limited purpose of permitting Defendants to conduct discovery regarding class certification issues.

    On November 23, 2010, the Court issued an Order (#724) denying Defendant Countrywide Home Loans' Motion to Stay Briefing on the issue of class certification until resolution of the current

pending Motions to Dismiss Plaintiffs' Third Amended Complaint.  Specifically the Court denied the Motion, stating that Federal jurisdiction in this case hinges upon approval of Plaintiffs' class certification.  Moreover, because the Court has previously expressed doubt regarding the typicality and commonality of Plaintiffs' alleged claims, it found that the issue of class certification is germane to any discussion of dismissal.

Additionally, on June 20, 2011 the United States Supreme Court decided <u>Wal-Mart Stores, Inc. v. Dukes</u>, 2011 WL 2437013 (U.S. 2011).  The Ninth Circuit's previous ruling in this case was relied on by both Plaintiffs and Defendants in their oppositions and replies.

The Court has reviewed the pending motions, joinders and responsive pleadings.  In light of the issues raised in these motions, the Court will lift the PSLRA and permit the Defendants to conduct limited discovery related only to the class certification issue.  Defendants will have 60 days to conduct this discovery and file supplemental briefs in opposition to Plaintiffs' Motion to Certify as a Class Action (#706).  Plaintiffs will have seven days to reply in accordance with Local Rule 7-2.

**I. Legal Standard**

The Supreme Court has recently held that "'sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question,'"and that certification is proper only if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied,'" <u>Wal-Mart Stores, Inc. v. Dukes</u>,  2011 WL 2437013 *7 (U.S. 2011) (quoting <u>General Telephone Co. of Southwest v. Falcon</u>, 457 U.S. 147, 161 (1982)).

Section 4(b)(3)(B) of the PSLRA., states that, "[i]n any private action arising under this title, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party."

Under the P.S.L.R.A., a request for discovery is "particularized" when it "is necessary to preserve evidence or to prevent undue prejudice to [the moving] party." 15 U.S.C. § 78u-4(b)(3)(B);

<u>Ross v. Abercrombie & Fitch Co.</u>, 2006 WL 2869588, at *2 (S.D. Ohio Oct. 5, 2006) ("[T]he focus of the statutory language is on the need either to preserve evidence in the case (presumably because, if the discovery were not permitted, such evidence would be destroyed) or to prevent *undue* prejudice to the plaintiff.") (emphasis in original).

Here, Defendants seek a lift of the PSLRA's automatic stay provision for the limited purpose of allowing the Court to conduct the required analysis on the issue of class certification. Though, Defendants have not argued prejudice specifically, prejudice is implied due to Plaintiffs' admission that this Court's subject matter jurisdiction hinges solely on class certification. A finding that the action does not qualify for class certification would destroy subject matter jurisdiction and mandate dismissal.

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Lift Stay (#723) to which Countrywide joined (#743) is **GRANTED**.

**IT IS HEREBY ORDERED** that Defendants' Motion to Extend Time (#722) is **DENIED** as moot.

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Oral Hearing on Order Shortening Time on All Motions Pending Longer than 60 Days (#806) is **DENIED**.

**IT IS FURTHER ORDERED** that the PSLRA's automatic stay provision is lifted for the limited purpose of discovery on the issue of class certification. Defendants shall file responsive pleadings to Plaintiffs' Motion to Certify Class (#706), on or before August 24, 2011. Plaintiffs' reply will be due seven days later, in accordance with Local Rule 7-2. No extensions of discovery or briefing will be granted.

DATED this 24th day of June 2011.

Kent J. Dawson
United States District Judge

3