UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

FRANK TADDEO, *et al.*,

    Plaintiffs,

v.

AMERICAN INVSCO CORPORATION, *et al.*,

    Defendants.

Case No. 2:08-CV-01463-KJD-RJJ

**ORDER**

    Before the Court is Plaintiffs' Motion to Allow Plaintiffs to Conduct Discovery on Class Certification (#814).  Defendant Countrywide filed an Opposition (#818), Defendants American Invsco Corporation, American Invsco Realty, Inc., Condominium Rental Services, Inc.,  SEG Nevada Consultants, Inc., and SEG Nevada Members, LLC (collectively "the AI Defendants") filed an Opposition (#819), and Defendant ConAm Management ("ConAm") filed an Opposition (#820) and joined the AI Defendants' Opposition (#821).  Plaintiffs sought expedited briefing and the Court rules on the Motion and the Oppositions together herein.

I.  Background

    This Court, in its June 24, 2011 Order (#810) lifted the Private Securities Litigation Reform Act ("PSLRA") stay to allow all Defendants named in this action to conduct limited discovery

related only to class certification. Plaintiffs now argue that they should be allowed to conduct discovery on a wide range of issues which they claim are related to class certification. The AI Defendants and ConAm argue that most of the information that Plaintiffs seek is within their own control or unrelated to class certification. Defendant Countrywide argues that, since Plaintiffs assert no class claims against Countrywide, Plaintiffs should not be allowed discover from Countrywide.

II.  Analysis

"District courts have broad discretion to control the class certification process, and "[w]hether or not discovery will be permitted ... lies within the sound discretion of the trial court." Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 942 (9th Cir. 2009) (quoting Kamm v. Cal. City Dev. Co., 509 F.2d 205, 209 (9th Cir.1975). Although this type of discovery may be appropriate in some circumstances, it is inappropriate where it is unlikely to produce sufficient information on which to base class certification. See e.g. Doninger v. Pacific Northwest Bell, Inc., 564 F.2d 1304, 1308 (9th Cir. 1977).

Plaintiffs first sought class certification in 2008 and have previously unsuccessfully requested some of the discovery they seek here. (#692 September 20, 2010 Order Denying Motion for Limited Discovery). On September 30, 2010 this Court indicated that it would entertain requests for discovery relating to the class certification issue. (#695). On November 23, 2010, the AI Defendants requested this discovery in relation to their Opposition to class certification (## 722, 723). In response, Plaintiffs took the position that discovery on this issue was unnecessary. (#749). In their instant Motion, Plaintiffs fail to explain why they, as Plaintiffs, now need the extensive discovery they request. Accordingly, this Court declines to grant the requested discovery.

III.  Conclusion

The PSLRA stay is lifted as to all named Defendants. Defendants shall file responsive pleadings to Plaintiffs' Motion to Certify Class (#706) on or before August 24, 2011 in accordance with this Court's June 24, 2011 Order (#810).

Accordingly, **IT IS HEREBY ORDERED THAT** Plaintiffs' Motion to Allow Plaintiffs to Conduct Discovery on Class Certification (#814) is **DENIED.**

DATED this 27th day of July 2011.

_____
Kent J. Dawson
United States District Judge