# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

FRANK TADDEO, *et* al.

    PlaintiffsPlaintiffs,

v.

AMERICAN INVSCO CORPORATION, et *al*.,

    DefendantsDefendants.

Case No. 2:08-CV-01463-KJD-RJJ
**ORDER**

    Before the Court is Plaintiffs' Motion to Certify as a Class Action (#706). Defendant Countrywide Home Loans, Inc. ("Countrywide") filed an Opposition to Plaintiffs' Motion to Certify as Class Action (#742) and Plaintiffs replied (#751). Countrywide then filed a Supplemental Opposition (#827) to which Plaintiffs replied (#831). Defendant Conam Management Corporation filed an Opposition to Certify as Class Action (#729) and Plaintiffs replied (#749). Defendant Conam filed a Supplemental Brief in response (#768) and then filed a Supplemental Opposition (#826) to which Defendants American Invsco Corporation, American Invsco Realty, Inc., Condominium Rental Services, Inc., Nick Gouletas, Steven Gouletas, Invsco Group, Ltd., Meridian Condominium Rental Services, Inc., SEG Nevada Consultants, Inc., and SEG Nevada Members,

LLC (collectively the "AI Defendants") joined (#829) and Plaintiffs replied (#832).  Defendant Koval Flamingo, LLC filed a Response in Opposition to Plaintiffs' Motion to Certify Class (#828) to which the AI Defendants joined (#829) and to which Plaintiffs replied (#832).  Plaintiffs also filed a Motion to Amend their responses to request for admission filed by Conam (#830).  The Court rules on these motions together herein.

I.  Background

According to the Third Amended Complaint (the "TAC"):

> This is an action regarding title to real property for the fraudulent sales of over six hundred condominium units at the Meridian Condominium Complex by Defendants and their affiliated persons and entities. The allegations presented include, but are not limited to, claims for Fraud in the Inducement, Securities Fraud, and Predatory Lending Practices.

(TAC at 2.)  Plaintiffs seek to certify a class of "512 unique owners of the Meridian Condominium Units" who purchased units in 2005 - 2007.  (TAC ¶¶ 30-31.)  Plaintiffs seek to include in the Class "all individuals who purchased one or more of the securities in the Platinum Hotel and Spa located in Las Vegas from Defendants" (the "Class").  (#57 at 2.)  Plaintiffs exclude from the Class the Defendants, any parent, subsidiary of affiliate of Defendants, and their officers, directors, and employees, who are or have been employed by Defendants during the Class period, and any judicial officer who may preside over this cause of action.

The Third Amended Complaint alleges that each Class Plaintiff is entitled to recover for: (A) Misrepresentation/ Negligent Misrepresentation; (B) Breach of Contract; (C) Securities Violations; (D) Breach of Implied Covenant of Good Faith & Fair Dealing; (E) Conversion/Trespass; (F) Deceptive Trade Practices [NRS 598.0915(15)]; (G) Deceptive Trade Practices [NRS 598.0923(1)]; (H) Inflated Appraisal Misrepresentation; (I) Piercing the Veil; (J) Vicarious Liability; and, (K) Conspiracy.

Plaintiffs name Amelia Taddeo, Frank Taddeo, Mary Heldt, and Victor Heldt as Class representatives.

1    Plaintiffs filed their Motion for Class Certification (#706) in November, 2010.  In light of
2 issues raised in the briefing, the Court granted AI Defendants' Motion to Lift Stay (#723) and
3 permitted limited discovery on the issue of class certification (#810).  The parties have now
4 completed this discovery and filed their supplemental oppositions and replies.
5 II.  Motion to Amend
6    Plaintiffs failed to timely respond to requests served by Defendant Conam and accordingly,
7 Conam construed all the requests as having been admitted by Plaintiffs.  Plaintiffs have filed a
8 Motion to Amend their responses to requests for admission.
9    Requests for admission should not be used to establish "facts which are obviously in
10 dispute," Lakehead Pipe Line Co. v. American Home Assur. Co., 177 F.R.D. 454, 458
11 (D.Minn.1997), to "demand that the other party admit the truth of a legal conclusion," even if the
12 conclusion is "attached to operative facts," or to ask the party to admit facts of which he or she has
13 no special knowledge.  Disability Rights Council v. Wash. Metro. Area, 234 F.R.D. 1, 3
14 (D.C.Cir.2006).
15    In their motion, Plaintiffs seek to amend only the requests for admission that the claims of
16 the Class representatives are not typical and that common questions of law or fact do not
17 predominate over individual questions.  Defendant Conam's requests were not  valid requests for
18 admission and Conam will not be prejudiced by granting the Motion to Amend.  Sonoda v. Cabrera,
19 255 F.3d 1035, 1039 (9th Cir. 2001) (motion to withdraw admission may be granted where there is
20 no prejudice to party who obtained admission).  Accordingly, Plaintiffs' Motion is granted.
21 III.  Analysis
22    A. Rule 23(a)
23    Rule 23 of the Federal Rules of Civil Procedure governs class actions in federal court. Rule
24 23(a) provides that one or more members of a class may sue or be sued as representative parties on
25 behalf of all only if (1) the class is so numerous that joinder of all members is impracticable; (2)
26 there are questions of law or fact common to the class; (3) the claims or defenses of representative

3

parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Before certifying a class, the trial court must conduct a "rigorous analysis" to determine whether the party seeking certification has met the prerequisites of Rule 23. Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1186 (9th Cir. 2001) (quoting Valentino v. Carter-Wallace, Inc., 97 F.3d 1227, 1233 (9th Cir.1996)).  The party seeking class certification bears the burden of demonstrating that the requirements of Rule 23 have been met. Id.

### 1.  Practicality of Joinder or Numerosity

"The prerequisite of numerosity is discharged if the class is so large that joinder of all members is impracticable." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998) (quoting Fed. R. Civ. P. 23(a)(1)). "[I]mpracticability does not mean 'impossibility,'" but simply that joinder of all class members must be difficult or inconvenient." Harris v. Palm Springs Alpine Estates, Inc., 329 F.2d 909, 913 (9th Cir. 1964).  The Supreme Court has cautioned that "[t]he numerosity requirement requires examination of the specific facts of each case and imposes no absolute limitations." General Tel. Co. of the Northwest, Inc. v. Equal Employment Opportunity Comm'n, 446 U.S. 318, 330 (1980).  Courts have certified classes of 39, 64, and 71 members. See Jordan v. County of Los Angeles, 669 F.2d 1311, 1319 (9th Cir.1982); see also Mazza v. AM. Honda Motor Co., 254 F.R.D. 610, 617 (C.D.Cal.2008) ("As a general rule, classes of forty or more are considered sufficiently numerous.").

Plaintiffs seek to certify a Class that consists of 512 persons.  Ninth Circuit precedent indicates that a potential class of 512 is adequately numerous. See e.g. Jordan at 669 F.2d 1319. Accordingly, this element of Rule 23(a)(1) is satisfied.

### 2. Common Questions of Law or Fact

Actions "involving a class of purchasers allegedly defrauded over a period of time by similar misrepresentations satisfy the common question requirement." In re Alco Int'l Group, Sec. Litig., 158 F.R.D. 152, 155 (S.D. Cal. 1994) (citing Blackie v. Barrack, 524 F.2d 891 (9th Cir.1975)).

1 Plaintiffs have met their burden to show putative Class members have at least some common
2 questions of law or fact pursuant to Fed. R. Civ. Pro. 23(a)(2). Accordingly, this requirement is met.

### 3. Typicality of Claims and Defenses

A plaintiff may represent a class if he demonstrates that he has been injured in the same manner as the rest of the class, even if his claims are not "identical" to the claims of the entire class. Stolz v. United Brotherhood of Carpenters and Joiners of America, Local Union No. 971, 620 F. Supp. 396, 404 (D. Nev. 1985) (citing Aleknagik Natives Ltd. v. Andrus, 648 F.2d 496, 505 (9th Cir. 1980)). If the class representatives and members of the class "share a common issue of law or fact," and "are sufficiently parallel to insure a vigorous and full presentation of all claims for relief" then the typicality requirement is satisfied. California Rural Legal Assistance v. Legal Services Corp., 917 F.2d 1171, 1175 (9th Cir.1990).

Plaintiffs have not met their burden in this regard. The only proposed Class representatives are the Taddeos and the Helts. (TAC ¶¶ 33-35.) Plaintiffs concede that the Class representatives do not have claims against Countrywide. (#831 Reply at 2.) "If none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." O'Shea v. Littleton, 414 U.S. 488, 494 (1974). Accordingly the named Plaintiffs are inadequate.

Furthermore, Plaintiffs concede that the transaction involving the Taddeos was different from those of other Class members because their agreement provided for a lease-back to Defendant Koval and was incorporated into the purchase agreement. (#706 Mo. to Cert. at 4 n.1.) The Taddeos also received financial information that other named Plaintiffs did not receive and, uniquely, engaged an agent who was an agent for both buyer and seller. The Helts also do not appear to be parallel to other Class members because they are the only known Class members who financed their purchase on their own and engaged an attorney to review the purchase contract. These differences could preclude the putative Class representatives from making a vigorous and full presentation of all

1  claims for relief.  The Plaintiffs have failed to demonstrate that the Class representatives are
2  adequate.
3              4.  Adequate Protection of the the Interests of the Class by Representatives
4         There are two conditions which must be met in order to satisfy the requirement that the
5  representative parties will fairly and adequately protect the interests of the Class.  First, "the named
6  representative must appear able to prosecute the action vigorously through qualified counsel," and
7  "second, the representatives must not have antagonistic or conflicting interest with the unnamed
8  members of the class." Lerwill v. Inflight Motion Pictures, Inc., 582 F.2d 507, 512 (9th Cir. 1978);
9  See also Sosna v. Iowa, 419 U.S. 393, 403 (1975).  In determining the qualifications of class counsel,
10 the Court must consider: (i) the work counsel has done in identifying or investigating potential
11 claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and
12 the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv)
13 the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A).
14        As previously indicated, the named representatives are inadequate to prosecute this action.
15 The Court also expresses doubts as to the qualifications of Class counsel.  It is not clear that any of
16 Plaintiffs' attorneys has any experience as Class counsel or even significant experience in class
17 actions.  The conduct of Plaintiffs' counsel in this proceeding, including failure to timely respond to
18 discovery requests, inadequacy in framing their complaints, failing to name Class representatives
19 with claims against all defendants, and lack of decorum during depositions do not inspire confidence
20 in the ability of Plaintiffs' counsel to adequately represent the interests of the Class.  See Kurczi v.
21 Eli Lilly & Co., 160 F.R.D. 667, 679 (N.D. Ohio 1995) ("In determining the adequacy of counsel, the
22 court looks beyond reputation built upon past experience and examines counsel's competence
23 displayed by present performance.").  Plaintiffs argue in their Reply that these defects could be cured
24 by associating with more experienced Class counsel and amending their complaint to name adequate
25 Class representatives.  Allowing Plaintiffs to amend their complaint and bring in new counsel at this
26 late date in this litigation would not serve judicial economy.

B.  Rule 23(b)

In addition to the requirements, of 23(a), Plaintiffs must also demonstrate that the requirements of Rule 23(b) are satisfied.

This section of the rule, added in 1966, provides that a class may be maintained if the plaintiffs show that class satisfies Rule 23(a) and, *inter alia*, if:

> the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D) the likely difficulties in managing a class action.

Fed.R.Civ.P. 23(b)(3).

The Supreme Court explained that "[i]n adding 'predominance' and 'superiority' to the qualification-for-certification list, the Advisory Committee sought to cover 'cases in which a class action would achieve economies of time, effort, and expense, and promote ... uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.'" Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 615 (1997).  Given the "competing tugs of individual autonomy for those who might prefer to go it alone or in a smaller unit, on the one hand, and systemic efficiency on the other, the Reporter for the 1966 amendments cautioned: 'The new provision invites a close look at the case before it is accepted as a class action....'" Id.

To find superiority, Courts should  "focus on the efficiency and economy elements of the class action so that cases allowed under subdivision (b)(3) are those that can be adjudicated most profitably on a representative basis." Zinser, 253 F.3d at 1190 (quoting 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 1780, at 562 (2d ed. 1986).

The superiority inquiry is closely related to the question of whether common claims predominate because "[i]mplicit in the satisfaction of the predominance test is the notion that the adjudication of common issues will help achieve judicial economy." Valentino v. Carter-Wallace, Inc., 97 F.3d 1227. 1234 (9th Cir 1996) (citing 1 Newberg on Class Actions, § 4.25 at 4-86. (3d ed.1992)). The inquiry under Rule 23(b) into whether common claims predominate and make the class action a superior form of resolution is judged by a "far more demanding" standard than that of Rule 23(a). Amchem Prods at 521 U.S. 623-24.

### 1.  Questions of Law and Fact Relating to Fraud Claims

"If each class member has to litigate numerous and substantial separate issues to establish his or her right to recover individually, a class action is not "superior." Zinser, 253 F.3d 1180, 1192. (Citing Dalkon Shield, 693 F.2d at 856; Walsh v. Ford Motor Co., 807 F.2d 1000, 1017 (D.C.Cir.1986); Haley, 169 F.R.D. at 654.)  However, not all issues need to be identical. Blackie v. Barrack, 524 F.2d 891, 905 (9th Cir. 1975) ("The amount of damages is invariably an individual question and does not defeat class action treatment.")

Plaintiffs' fraud claims will require proof that a plaintiff detrimentally relied on a misrepresentation of a material fact. Chen v. Nevada State Gaming Control Bd., 994 P.2d 1151, 1152 (Nev. 2000).  Discovery demonstrates that the interactions between named Plaintiffs and Defendants in this action are dissimilar in many material respects.  The named Plaintiffs learned about the alleged investment opportunities through various means, conducted varying levels of inquiry into their purchases, obtained information about the property from various sources– some not party to this action at all, were promised different incentives, and obtained loans for their purchase from various lenders and on different terms.  (See #826 Opp. at 7-13.)  Additionally, Plaintiffs aver that a critical component of the fraud was misrepresentation based on inflated appraisal of the units which given the variability in the real estate market would have been different for each unit and depend on the market conditions at the time of the appraisal.

1    Plaintiffs argue that, since Defendants allegedly withheld material information from all Class
2 members, they are entitled to a presumption of reliance according to the holding in Affiliated Ute
3 Citizens of Utah v. United States, 406 U.S. 128, 153-54 (1972) (under circumstances of that case
4 where claims were primarily for omission, proof of reliance was not a prerequisite to recovery).
5 However, the Ninth Circuit and other federal circuits have held that the reliance presumption in
6 Affiliated Ute applies only when the omissions claims are the primary allegations of the complaint.
7 Binder v. Gillespie, 184 F.3d 1059, 1064 (9th Cir.1999) (holding, in context of alleged violation of
8 SEC Rule 10b-5, that a presumption of reliance "should be confined to cases that primarily allege
9 omissions").  Here, Plaintiffs make multiple claims that allege affirmative misrepresentations. (see
10 e.g. #701 Compl. ¶¶ 19; 40(ii); 40(iv); 41; 47; 64; 148; 149; 150(f); 150(g); 170(e); 170(g); 170(h);
11 190(a); 225; and 240).  Because the "complaint contains both allegations of omissions and
12 misrepresentations" it is properly characterized as "a mixed case of misstatements and omissions" to
13 which the presumption of reliance does not apply.  Binder 184 F3d. at 1063.
14    Plaintiffs' fraud claims feature dominantly in the TAC.  A finding of fact would be required
15 for each alleged Class member to determine the source and nature of the false representations and
16 whether the putative Class member relied on any false misrepresentations by the Defendants.  This
17 would be particularly burdensome for the fraud claims relating to allegedly inflated appraisals.
18 Because of these substantial separate issues, a class action is not a superior method for adjudicating
19 these claims.  Zinser, 253 F.3d at 1192.  Under the "far more demanding" standard invited by Rule
20 23(b), there has been no showing that the predominance and superiority requirements are met.
21 Accordingly, the Court finds that this action will not be adjudicated most profitably on a
22 representative basis and certification of the Class proposed by Plaintiffs is denied.
23 //
24 //
25 //
26 //

III. Conclusion

**IT IS HEREBY ORDERED THAT** Plaintiffs' Motion to Amend (#830) is **GRANTED**.

**IT IS FURTHER ORDERED THAT** Plaitniffs' Motion to Certify as a Class Action (#706) is **DENIED**.

DATED this 7th day of September 2011.

_____
Kent J. Dawson
United States District Judge