# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FRANK TADDEO, *et al.*,

    Plaintiffs,

v.

AMERICAN INVSCO REALTY, *et al.*,

    Defendants.

Case No. 2:08-CV-01463-KJD-RJJ

**ORDER**

    Before the Court is the Motion of Wells Fargo Bank, N.A. for Order Releasing Lis Pendens (#792). The above named Plaintiffs have filed an opposition (#797) to which Wells Fargo filed a reply (#799).

I. Background

    This Court dismissed Plaintiffs' claims against Wells Fargo on September 20, 2010 (#693). Wells Fargo had been named as "non-preferred lender" in Plaintiffs' Second Amended Complaint not on the basis of any wrongdoing, but because they allegedly held an interest in Plaintiffs' loans. In its Order dismissing Wells Fargo, the Court found that Plaintiffs "have alleged no facts that could demonstrate the subject deeds of trust at issue are, or will be, rendered invalid" and that "because Plaintiffs have failed to sufficiently allege fraud by any non-preferred lenders, the Court finds that rescission is not a viable remedy." (#693 at 6.) In dismissing Wells Fargo and the other non-preferred lenders, the Court also found that "Plaintiffs may receive complete relief and be able to proceed on their remaining claims against [the] remaining ... parties without title to the real property." (Id.)

    Wells Fargo now moves for an order releasing the lis pendens recorded against the real property at issue in this litigation.

II. Analysis

A lis pendens is a "notice recorded in the chain of title to real property, required or permitted in some jurisdictions to warn all persons that certain property is the subject matter of litigation, and that any interests acquired during the pendency of the suit are subject to its outcome." Black's Law Dictionary 942–43 (7th ed. 1999). Nevada Revised Statutes Section 14.010 permits a claimant in an action for the "foreclosure of a mortgage upon real property, or affecting the title or possession of real property" to record a notice of pendency of action.

Wells Fargo argues that the lis pendens should be removed because Plaintiffs do not meet the requirements of Section 14.010 since the action does not affect title or possession of the real property. Plaintiffs argue that if they are successful, they will seek rescission of the purchase transaction, which would convey title back to Defendants and therefore affect title. However, the Court has already ruled that rescission is not a viable remedy. (#693.) Plaintiffs have not demonstrated that rescission would be possible because rescission requires returning all parties to their original positions. <u>Defendant cannot show  See</u> <u>Bergstrom v. Estate of DeVoe</u>, 854 P.2d 860, 861 (Nev. 1993) (explaining that rescission seeks to place the parties in the position they occupied before signing the contract).

The party seeking the les pendens must show:

(1) the action affects title to or possession of property;

(2) the action was not brought in bad faith or for an improper motive;

(3) Plaintiffs will be able to perform any conditions precedent to the relief sought;

(4) Plaintiffs would be injured if the property is transferred before this action concludes;

and either

(a) Plaintiffs are likely to prevail; or

(b) Plaintiffs have a fair chance of success, and the hardship caused by a transfer of the property would be greater than the hardship to the defendant.

<u>See</u> <u>NGA #2 Ltd. Liability Co. v. Rains</u>, 113 Nev. 1151, 1163 (Nev.,1997); N.R.S. 14.015(2).

Plaintiffs have not met their burden under the third part of this test, nor have they made a showing that they are likely to prevail on the merits of their rescission claim, or that they have a fair chance of success, and the hardship caused by the transfer of the property would be greater than the hardship to the defendant.  Here, the available remedy is damages.  Accordingly, the lis pendens are expunged.

III.  Conclusion

**IT IS HEREBY ORDERED** that the Motion of Wells Fargo Bank, N.A. for Order Releasing Lis Pendens (#792) is **GRANTED.**

**IT IS FURTHER ORDERED** that the Lis Pendens recorded by Plaintiffs against the real property identified as APNs 162-16-810-002 through 162-16-810-684 are hereby lifted, cancelled, expunged, and **RELEASED IN FULL**.  This cancellation has the same effect as an expungement of the original notices.

**IT IS FURTHER ORDERED** that Plaintiffs shall record a copy of this Order with the Clark County Recorder's Office for each APN against which Plaintiffs have filed a Lis Pendens in connection with this action within fifteen (15) days of the date of this Order; if Plaintiffs fail to record a copy of this Order, any other person may record a copy of this Order with the Clark County Recorder's Office for any APN against which Plaintiffs have filed a Lis Pendens in connection with this action.

DATED this 7th day of September 2011.

_____
Kent J. Dawson
United States District Judge