# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FRANK TADDEO, *et al.*,

    Plaintiffs,

v.

AMERICAN INVSCO CORPORATION, *et al.*,

    Defendants.

Case No. 2:08-CV-01463-KJD-RJJ

**ORDER**

    Before the Court is Plaintiff Maha Kosa's ("Maha") Motion for Partial Summary Judgment (#785) against Defendant Meridian Private Residences CH, LLC d/b/a The Meridian Luxury Suites ("MPR"). MPR filed an opposition (#794). Maha did not file a reply.

I. Background

    In December 2005 Maha closed on a purchase of condominium unit 6-105 at the Meridian Luxury Condominiums. As part of the sales transaction, Defendant Koval, as seller, and Defendant Condominium Rental Service, as manager, rented back Maha's unit at a rent of $2,571.00 per month, plus monthly Homeowners Association dues of $328.00 and real property taxes in the amount of $248.07 per month (up to a maximum of $6,696.25 per year). The lease of the property ran from November 10, 2005 to November 9, 2007. On or about March 1, 2007, the lease was extended to

March 31, 2010, with payment for Homeowners Association dues increased to $431.00 per month, subject to Maha's payment of $31,070.00 to Koval for furnishing and improvement of the premises. On or about June 9, 2008, Maha entered into a Condominium Resort Lease with Defendant MPR for a term to commence on February 1, 2008 and terminate on March 31, 2010, for the lease of Unit 6-105. The agreement requires payment for rent in the amount of $2571.00 per month and reimbursement for HOA fees and taxes. After purchase of the property, the HOA, in 2007, raised the monthly assessments, as stated above, to $431.00. Real property taxes were $248.07 per month.

It is undisputed that MPR stopped paying Maha under the lease starting in June, 2008. Maha obtained possession of the premises in October, 2008 and is seeking rent for the period from June 2008 to March 31, 2010 or $71,501.54 and eviction costs of $700.00, attorney fees, prejudgment and postjudgment interest and costs of collection.

II.  Analysis

    A. Legal Standard for Summary Judgment

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

All justifiable inferences must be viewed in the light must favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The court need only resolve factual

issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant. See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 248.

B.  Real Party in Interest

Fed R. of Civ. P 17(a)(1) requires that "[a]n action must be prosecuted in the name of the real party in interest." This rule "is designed to ensure that lawsuits are brought in the name of the party possessing the substantive right at issue." Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Service Bureau, 701 F.2d 1276, 1282 (9th Cir.1983).

Maha claims that she is entitled to an order granting summary judgment for the rents she seeks. MPR argues that Maha assigned her rights to collect any rents due to a third party. As evidence, Maha submits a Deed of Trust between Maha and CTC Real Estate Services with a provision for "Absolute Assignments of Rents" from Maha to CTC Real Estate Services. Defendant argues that this creates an issue of fact about whether Maha is the real party in interest and entitled to the rents allegedly due.

Whether or not Maha is entitled to the rent she seeks is a material fact which is disputed by the parties. The evidence presented by MPR is sufficient to defeat summary judgment because whether or not Maha has a substantive right to the rent she is seeking is a genuine issue of fact for trial.

C.  Lease Term on Rentablility of Property

Nevada courts interpret an unambiguous contract, which is not reasonably susceptible to more than one interpretation, according to its plain meaning.  Canfora v. Coast Hotels and Casinos, Inc., 121 Nev. 771, 121 P.3d 599, 603 (Nev. 2005) (per curiam).  A clear and unambiguous contract "cannot be distorted into meaning anything other than what is implied by the language used[.]" Talbot v. Nev. Fire Ins. Co., 52 Nev. 145, 283 P. 404, 405 (Nev. 1930).

The Lease states that, "if the Property is not rentable for … for a period exceeding 60 consecutive days, the Lessee may terminate this Agreement immediately and without prior notice of any kind" (Motion Exhibit No. 1 ¶6(d)).  According to the Third Amended Complaint ("TAC") of Plaintiffs, in June 2008, Clark County, Nevada determined that the Unit was not rentable under the terms of the licenses and uses granted to Meridian CH (TAC ¶ 90).  MPR argues that the Clark County District Attorney's Office issued a "cease and desist order" which prohibited the rental of the Unit and made it "unrentable."  The term in the contract permitting MPR to terminate the lease if the unit is unrentable is unambiguous.  Whether the unit was "rentable" during the period for which Maha seeks rent is highly material.  MPR has pointed to evidence that the unit was not rentable beginning in June 2008.  This raises an issue of material fact disputed by MPR and is sufficient to preclude summary judgment.

III.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Maha's Motion for Partial Summary Judgment (#785) against Defendant MPR is DENIED.

DATED this 13th day of September 2011.

Kent J. Dawson
United States District Judge