# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FRANK TADDEO, *et al.*,

     Plaintiffs,

v.

AMERICAN INVSCO CORPORATION, *et al.*,

     Defendants.

Case No. 2:08-CV-01463-KJD-RJJ

**ORDER**

Before the Court is (#709) Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint filed by Defendants American Invsco Corporation, American Invsco Realty, Inc., Condominium Rental Services, Inc., Nicholas Gouletas, Steven Gouletas, Invsco Group, Ltd., Meridian Condominium Rental Services, Inc., SEG Nevada Consultants, Inc., and SEG Nevada Members, LLC (collectively "AI Defendants"). This motion has been joined by Defendants Dale Campbell, Meridian Private Residences CH, LLC (#716), Defendant Koval Flamingo, LLC (#717), and Defendant Countrywide Home Loans, Inc. (#730). Plaintiffs filed a Response (#750) and the AI Defendants filed a reply (#760).

Defendant Countrywide Home Loans, Inc. ("Countrywide") also filed a Motion to Dismiss (#728). Plaintiffs filed an opposition (#762) to which Countrywide replied (#773).

Defendant ConAm Management Corporation ("ConAm") filed a Motion to Dismiss (#731) to which Plaintiffs filed an opposition (#761) and ConAm replied (#774).

1

2    I. Background

3          Plaintiffs filed their original complaint in the District Court for Clark County, Nevada on

4    September 26, 2008 and subsequently filed an amended complaint.  After removal, the Defendants

5    moved for a more definite statement and the Court granted that motion, instructing Plaintiffs to

6    "[a]ppropriately designate within each claim, each Defendant or group of Defendants against whom

7    the claim is being brought, which Plaintiff or group of Plaintiffs is bringing said claims, and the

8    remedy sought in relation to said claim. Additionally, Plaintiffs are ordered to state with particularity,

9    where appropriate, the circumstances constituting fraud or mistake against each Defendant or group

10   of Defendants." (#291 at 9.)  The Court ordered that Plaintiffs file by October 15, 2009.

11         Plaintiffs filed a Second Amended Complaint (#312) on October 15, 2009. On November 2,

12   2009, Plaintiffs filed an Errata to their Second Amended Complaint (#350) stating that there had

13   been technical difficulties with their attempt at filing the original Second Amended Complaint. (See

14   #361.)  Plaintiffs aver that a draft of their Second Amended Complaint was filed accidentally, and

15   that the mistake was not noticed until November 2, 2009.  The Errata added 200 additional plaintiffs,

16   50 new defendants, and 9 new claims for relief.  Upon motions by the Defendants, the Court found

17   the Second Amended Complaint was overbroad, did not properly designate claims against each

18   Defendant, and lacked sufficient particularity and detail.  The Court ordered Plaintiffs to "file an

19   amended complaint on or before October 30, 2010, that complies with this Order in every respect"

20   and warned Plaintiffs that failure to comply with the order would result in dismissal.  (#695 at 12.)

21         On October 30, 2010, Plaintiffs filed their 200-page Third Amended Complaint ("TAC")

22   (#701).  The complaint groups Plaintiffs into six "causes of action" under which each group of

23   Plaintiffs assert 11 claims:

24              1. Misrepresentation/Negligent Misrepresentation
               2. Breach of Contract
25              3. Securities Violations
               4. Breach of the Implied Covenant of Good Faith and Fair Dealing
26              5. Conversion/Trespass

6. Deceptive Trade Practices/Fraud – NRS 598.0915(15)
7. Deceptive Trade Practices/Fraud – NRS 598.0923(1)
8. Inflated Appraisals-Misrepresentation
9. Piercing the Veil
10. Vicarious Liability
11. Conspiracy

For each claim under the 6 causes of action, Plaintiffs seek:

1. General and special damages in excess of $10,000.00;
2. Compensatory damages;
3. Consequential damages;
4. Punitive damages;
5. Pre-judgment and post-judgment interest;
6. Injunctive relief;
7. Declaratory relief;
8. Writ of Attachment be issued;
9. Attorney's fees and costs;

Plaintiffs allege that in 2005 and throughout 2006, Plaintiffs were informed of an investment opportunity regarding the Meridian Private Residence Condominiums ("Meridian Condominiums") which had recently been acquired by Defendant American Invsco Corporation ("Invsco"), and were being converted into luxury condominiums. Plaintiffs allege that the condominiums were sold by the AI Defendants and other Defendants through their agents and subsidiaries during 2006 and 2007. Plaintiffs allege that Defendants artificially inflated the prices of the condominiums and induced sales by offering a "positive cash flow" lease back program. According to Plaintiffs, the lease back program involved the Defendants leasing the sold condominiums from Plaintiffs for two to three years at a fixed rate and paying for Plaintiffs' Homeowners Association ("HOA") fees and real property taxes. Plaintiffs allege that AI Defendants and their agents represented to Plaintiffs and Plaintiffs' lenders that the condominium units were for residential purposes only, and not for short-term rental, hotel, or resort use. (Id.)  Plaintiffs also allege that Defendants concealed that they had received a proposal in June of 2006, to rent the condominium units on an overnight basis, and at the time of sale, were already engaged in leasing said units on an overnight basis. (Id.) Allegedly, Defendants failed to disclose that the subject property lacked the proper zoning to conduct hotel-type operations and failed to make other

3

1  disclosures relating to the property. At the time of signing the purchase agreement, some of the

2  Plaintiffs signed a rental agreement leasing back the purchased units to Defendant Koval Flamingo,

3  LLC ("Koval") or Condominium Rental Services, Inc. ("CRS") who indicated that the units may

4  have already been rented out to a third party, though not indicating the type of rental.  Plaintiffs allege

5  violation of the lease-back agreements.   Plaintiffs allege that at the time of purchase, the HOA was

6  controlled by Defendants.  Plaintiffs further allege that Defendants converted their property by taking

7  furnishings from their units, by using HOA fees improperly, and by occupying portions of the

8  Meridian Clubhouse.

9  II.  Legal Standard

10         Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a plaintiff's complaint for "failure to

11  state a claim upon which relief can be granted."  A properly pled complaint must provide "a short and

12  plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2);

13  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed

14  factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the

15  elements of a cause of action."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Papasan v.

16  Allain, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to rise above the speculative

17  level."  Twombly, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain

18  sufficient factual matter to "state a claim to relief that is plausible on its face."  Iqbal, 129 S. Ct. at

19  1949 (internal citation omitted).

20         In Iqbal, the Supreme Court recently clarified the two-step approach district courts are to

21  apply when considering motions to dismiss.  First, the Court must accept as true all well-pled factual

22  allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.

23  Id. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory

24  statements, do not suffice.  Id. at 1949.  Second, the Court must consider whether the factual

25  allegations in the complaint allege a plausible claim for relief.  Id. at 1950.  A claim is facially

26  plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable

4

1    inference that the defendant is liable for the alleged misconduct.  Id. at 1949.  Where the complaint

2    does not permit the court to infer more than the mere possibility of misconduct, the complaint has

3    "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks

4    omitted).  When the claims in a complaint have not crossed the line from conceivable to plausible,

5    plaintiff's complaint must be dismissed.  Twombly, 550 U.S. at 570.

6    III. Analysis

7        1.  Fraud Based Claims

8        Plaintiffs' claims for Misrepresentation/Negligent Misrepresentation,  Securities Violations

9    (except failure to register claims), Deceptive Trade Practices/Fraud based on violation of NRS

10   598.0915(15),  Deceptive Trade Practices/Fraud based on violation of NRS 598.0923(1), and Inflated

11   Appraisals-Misrepresentation (the "Fraud Claims") each sound in fraud.

12       Federal Rule of Civil Procedure 9(b) sets forth the requirements for pleading fraud or mistake,

13   stating that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances

14   constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind

15   may be alleged generally.   To satisfy the heightened standards of this rule, the complaint "'must set

16   forth more than the neutral facts necessary to identify the transaction.'"  Yourish v. Cal. Amplifier,

17   191 F.3d 983, 993 (9th Cir. 1999) (footnote omitted) (quoting In re GlenFed Sec. Litig., 42 F.3d

18   1541, 1548 (9th Cir. 1994) (en banc)).[1]  The United States Court of Appeals for the Ninth Circuit has

19   defined "neutral facts" to mean the "'time, place, and content of an alleged misrepresentation.'"  Id.

20   at 993 n. 10 (quoting GlenFed, 42 F.3d at 1547–48).  In addition to the neutral facts, a plaintiff also

21   must explain what is false about a statement and why it was false when it was made.  Id. at 993.

22       Rule 9(b) ensures defendants have notice of  "the specific fraudulent conduct against which

23   they must defend, [and serves] 'to deter the filing of complaints as a pretext for the discovery of

24   unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud

25   _____

26       [1] A portion of the GlenFed, has been superseded by the PSLRA 15 U.S.C. § 78u-4(b(2).  This has no relevance
     here and GlenFed is still valid for the points cited herein.

1  charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society

2  enormous social and economic costs absent some factual basis.'" Bly-Magee v. California, 236 F.3d

3  1014, 1018 (9th Cir. 2001) (citing In re Stac Elec. Sec. Litig., 89 F.3d 1399, 1405 (9th Cir.1996)); see

4  also Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644, 658 (3d Cir.1998) ("The purpose of

5  Rule 9(b) is to provide notice of the 'precise misconduct' with which defendants are charged and to

6  prevent false or unsubstantiated charges.")

7      Additionally Rule 9(b) "does not allow a complaint to merely lump multiple defendants

8  together but "require[s] plaintiffs to differentiate their allegations when suing more than one

9  defendant . . . and inform each defendant separately of the allegations surrounding his alleged

10  participation in the fraud." Swartz v. KPMG LLP, 476 F.3d 756 (9th Cir. 2007) (citing  Haskin v.

11  R.J. Reynolds Tobacco Co., 995 F.Supp. 1437, 1439 (M.D.Fla.1998) (citation, quotation omitted).  In

12  cases of fraud involving multiple defendants, a plaintiff must, at a minimum, "identif[y] the role of

13  [each] defendant[ ] in the alleged fraudulent scheme." Id. (citing Moore v. Kayport Package Express,

14  Inc., 885 F.2d 531, 541 (9th Cir.1989)).

15      A.  Role of Each Defendant

16      Defendants argue that the TAC fails to meet the heightened pleading standards of 9(b)

17  because it fails to state with particularity, the role of each Defendant, and provide Defendants with

18  sufficient information to accurately respond to the complaint.  Plaintiffs argue that they cannot plead

19  their Fraud Claims with more particularity without discovery to determine the roles of the various

20  Defendants.  They also aver that Defendants can answer by simply admitting, denying, or stating they

21  have no information about the claims in the TAC.  (Opp. at 4).  Plaintiffs argue that the claims of the

22  various Plaintiffs in the TAC are not boilerplate, but are similar because the allegedly fraudulent

23  scheme perpetrated by the Defendants was the same.

24      The complaint does contain some specific allegations identifying wrongdoing by a particular

25  party.  Specifically, the Taddeos identify Defendant Ron Aldinger as the source of allegedly

26  misleading statements in ¶¶ 112 – 113.  However, most of the over 900 paragraphs of the complaint

1   aver generalized allegations, and lump multiple defendants together.  (See e.g.  TAC ¶¶ 122-124,

2   157, 167-170, 191, 192, 203-208.)  Virtually every prayer for relief seeks relief from "Defendants,

3   including but not limited to...."  (See e.g. TAC 27:3, 30:7-8, 24:25, 38:78, 41:11, 44:5-6, 45:21-22,

4   48:20, 50:15-16, 53:13.

5        Such grouping of defendants together does not provide the requisite particularity to satisfy

6   the standards of Rule 9(b) because it does not "differentiate [plaintiffs] allegations when suing more

7   than one defendant . . . and inform each defendant separately of the allegations surrounding his

8   alleged participation in the fraud." Swartz v. KPMG LLP, 476 F.3d 756 (9th Cir. 2007).   Defendants

9   are entitled to specific pleading so they can provide a meaningful answer to the complaint, "not just

10  deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir.1985).

11  In most of the allegations of the complaint, Plaintiffs simply aver that a group of the Defendants

12  engaged in fraud and that the Defendants themselves know their role in the fraud.  This pretext for

13  discovery does not satisfy Rule 9(b).  Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993)

14  (upholding dismissal with prejudice where plaintiff failed to sufficiently plead facts showing role of

15  defendant in fraud, notwithstanding claim that defendants were in possession of that information);

16  see also  Moore v. Brewster, 96 F.3d 1240, 1245-46 (9th Cir. 1996) (upholding district court's

17  dismissal of a fraud claim because plaintiff "failed to identify any specific statements or actions by

18  defendant, let alone explain in what way such statements or actions were fraudulent.").

19        Accordingly, the allegations in the complaint that are lumped against multiple defendants are

20  insufficiently pled pursuant to Rule 9(b) and are dismissed against all moving Defendants.

21              B. Reliance

22        To demonstrate that a plaintiff is entitled to relief for fraudulent misrepresentation, a pleader

23  must show, inter alia, defendant's intention to induce the plaintiff to act or refrain from acting in

24  reliance upon the misrepresentation and plaintiff's justifiable reliance upon the misrepresentation and

25  damages to plaintiff resulting from fraud.  Bulbman, Inc. v. Nev. Bell, 108 Nev. 105, 111

26  (Nev. 1992).  Plaintiffs cannot base fraud claims on generalized, vague and unspecific assertions that

7

do not induce reliance.  <u>Glen Holly Entertainment, Inc. v. Tektronix, Inc.,</u>  352 F.3d 367, 379 (9th Cir. 2003)

Defendants argue that the TAC's allegations of reliance are conclusory and that some of the statements, particularly those made to the Taddeos by Adlinger did not induce justifiable reliance. Plaintiffs holds out ¶ 139 of the TAC as an example of well-pled reliance.[2]  (Opp. at 9.)  That paragraph states:

> Plaintiffs were unaware of Defendants' misrepresentations and conspiracies, and as such, they acted in reliance upon the promises and representations and were justified in relying upon the representations, omissions and promises made by the Defendants and purchased their unit on or around October 9, 2006.

¶ 139.  The claim for fraud of each Plaintiff contains a very similar paragraph attempting to satisfy the pleading requirement for facts showing reliance.  (<u>See</u> TAC  ¶¶ 283, 420, 535, 666, 805).  Other than the purchase date, these paragraphs contain no facts indicating justifiable reliance or damage resulting from the alleged fraud.  The TAC contains only formulaic recitations about Plaintiffs' justified reliance and loss.  It contains no specific facts showing that Defendants made a statement or omission upon which Plaintiffs reasonably relied.  The TAC has no specific facts showing that Plaintiffs' reasonable reliance caused the loss.  This conclusory pleading is inadequate to satisfy Rule 9(b).  Plaintiffs have failed to demonstrate that they are entitled to recover against Defendants for their Fraud Claims and accordingly, their Fraud Claims are dismissed.

### C. False Statements

An alternative basis for dismissing the Fraud Claims is that they fail to adequately plead that the allegedly fraudulent statements were untrue when made.  To be entitled to recover for fraud, a plaintiff must show that a false statement was made and that it was false when it was made. <u>Bulbman,</u> 108 Nev. at 111.

---

[2] Plaintiffs also argue that they are entitled to a presumption of reliance.  As discussed in the Court's September 7, 2011 Order, this presumption does not apply in this case. ( #837 at 9.)

1    As with their claims of reliance, Plaintiffs flatly allege without more facts that the statements

2    made by Defendants were untrue when made.  Plaintiffs cite ¶ 124 as an adequate example.  (Opp. at

3    9).  That paragraph states:

4        124. The representations and omissions were untrue, and Defendants knew that their
         representations and omissions were fraudulent and Defendants KOVAL and INVSCO
5        intended that such actions induce Plaintiffs to purchase the condominiums.[3]

6    (See also  TAC ¶¶ 124 273, 410, 525, 657 and 798 (stating similar allegations).  These formulaic

7    statements, without more facts, do not satisfy the heightened pleading standard of Rule 9(b) and

8    accordingly, the failure to properly specify why the statements were false when made further

9    supports dismissal of the Fraud Claims in the TAC.

10       2. Conspiracy

11       A plaintiff pleading conspiracy must plead "enough facts to raise a reasonable expectation

12   that discovery will reveal evidence" of the existence of a conspiracy.  Twombly 550 U.S. at 556.   To

13   properly plead a claim for civil conspiracy, a plaintiff must set forth facts showing: (1) the

14   commission of an underlying tort; and (2) an agreement between the defendants to commit that tort.

15   GES, Inc. v. Corbitt, 117 Nev. 265, 21 P.3d 11, 15 (Nev.2001).  Further, the cause of action must be

16   pled with particular specificity as to "the manner in which a defendant joined in the conspiracy and

17   how he participated in it." Arroyo v. Wheat, 591 F.Supp. 141, 144  (D.Nev.1984).  "A claim for

18   conspiracy to commit fraud must be pled with the same particularly as the fraud itself.  Thus, under

19   Rule 9(b), a party must state with particularity the circumstances constituting the conspiracy."

20   Goodwin v. Executive Trustee Services, LLC, 680 F.Supp.2d 1244, 1254 (D.Nev.,2010) (citations

21   omitted.).

22       The sparse facts of the Plaintiffs TAC, do not contain enough facts to raise a reasonable

23   expectation that discovery will reveal evidence that the Defendants conspired to commit a tort.  Nor

24   _____

25   [3] Plaintiffs curiously aver that the alleged omissions were untrue. The suppression or omission of a material fact
     is "equivalent to a false representation, since it constitutes an indirect representation that such fact does not exist."
26   Nelson v. Heer, 163 P.3d 420, 426 (Nev. 2007).  Accordingly, Plaintiffs must set forth facts showing that the allegedly
     omitted facts were true at the time Defendants had a duty to disclose them. The TAC has no such facts.

9

do they contain facts sufficient to comply with Rule 9(b).   In fact, Plaintiffs plead almost no facts supporting their conspiracy claims at all, and merely reference the "acts of conspiracy as set forth herein" without specifically identifying the underlying tort alleged.  Since Plaintiffs' Fraud Claims fail, any claim for conspiracy to commit fraud also fails.  The only tort not dismissed from the complaint is conversion/trespass.  The TAC contains no specific facts alleging the circumstances of a conspiracy by Defendants to convert Plaintiffs' property or the manner in which any Defendant joined or participated in a conspiracy to commit conversion/trespass.  Accordingly, the claim for conspiracy fails.

### A. Conspiracy Against Countrywide

Countrywide is named as a preferred lender for only the transaction relating to Plaintiffs Nasila and Raghid Kosa and Plaintiffs state that "Countrywide must defend the single conspiracy claim relating to the Kosa transactions."  (#762 at 5.)

In addition to the reasons set forth above, Plaintiffs' generalized and formulaic conspiracy claims against Countrywide fail because the TAC does not contain specific facts alleging that Countrywide agreed with any other Defendant to defraud Plaintiffs Nasila and Raghid Kosa.  Instead, Plaintiffs argue that Countrywide is liable for conspiracy because it  "knew the truth" about the allegedly fraudulent actions of other Defendants.  Swartz v. KPMG, 476 F.3d 756, 765 (9th Cir. 2007) (conclusory allegations that defendants knew that alleged co-conspirators were making false statements are insufficient as a matter of law).  Plaintiffs' only claim against Countrywide is dismissed.

### B.  Conspiracy Claim Against ConAm

Plaintiffs' only claims against ConAm are for conspiracy and conversion/trespass.  As discussed below, Plaintiffs' conversion/trespass claims against ConAm fail as a matter of law.  Since Plaintiffs do not have a claim against ConAm for an underlying tort, the conspiracy claims against ConAm fail as a matter of law.

1      3. Breach of Contract

2      Plaintiffs' TAC only alleges that the individual Plaintiffs entered into a Purchase and Sales

3  with Koval and a lease with Meridian Private Residences, LLC ("Private Residences") and CRS.

4  (TAC ¶¶ 85-86.)  As a matter of "common sense" Plaintiffs fail to show that they are entitled to

5  recover for a breach of contract against any of the AI Defendants or any other defendant except

6  Koval and Private Residences.  Iqbal, 129 S.Ct. at 1950.  Accordingly, Plaintiffs' Breach of Contract

7  claims are dismissed as to all Defendants except Koval and Private Residences, and CRS.

8      4.  Implied Covenant of Good Faith and Fair Dealing

9      In order to recover for breach of the implied covenant of good faith and fair dealing, a

10  plaintiff must be in a contractual relationship with a defendant.  Hilton Hotels Corp. v. Butch Lewis

11  Productions, Inc., 107 Nev. 226, 233 (Nev.,1991).  Accordingly, Plaintiffs' claims for breach of the

12  implied covenant of good faith and fair dealing are dismissed against all Defendants except Koval

13  and Private Residences and CRS.

14      5.  Conversion/Trespass

15      "Conversion is a distinct act of dominion wrongfully exerted over another's personal property

16  in denial of, or inconsistent with his title or rights therein or in derogation, exclusion, or defiance of

17  such title or rights."  Evans v. Dean Witter Reynolds, Inc., 116 Nev. 598, 606 (Nev. 2000).[4]  No

18  claim for conversion likes when the plaintiff has "no immediate right to possession or

19  control of the money."  The Cuneo Law Group, P.C., v. Joseph, 669 F. Supp. 2d 99, 123 (D.D.C.

20  2009) (dismissing a conversion counterclaim for failure to state a claim and citing Curaflex Health

21  Svcs., Inc., v. Bruni, 877 F. Supp. 30 (D.D.C. 1995)).

22      Defendants claim that the Plaintiffs have failed to state a claim for conversion because the

23  allegations in the complaint are "conclusory" and "boilerplate."  The TAC contains sufficient

24

25      [4] Since Plaintiffs plead trespass and conversion together, the Court assumes that Plaintiffs are referring to
26  trespass to chattels, a tort that is closely related, if not identical to conversion in Nevada.  Bader v. Cerri, 96 Nev. 352 (Nev. 1980). Trespass to land must be pled separately to comply with Fed. R. Civ. P. 10(b) and 12(e).4

1  allegations against Defendnats Invsco, Koval, CRS, and Desmet regarding loss of furniture, funds

2  paid for the purchase of furnishings, and loss of other personal property by the Taddeos, Raad Kosa,

3  Said Matti, and the Couturiers as indicated in ¶¶ 199 and 585 and 713-721.

4       However, The generalized allegations that Defendants Invsco, Koval, Zink and ConAm,

5  converted funds paid by Plaintiffs to the HOA and converted portions of the common clubhouse, are

6  insufficient to show that the Plaintiffs are entitled to relief.  Plaintiffs do not adequately plead facts

7  showing that the funds paid to the HOA or the portions of the clubhouse were their personal property

8  or that they had an immediate right to possession of this property. Accordingly, the allegations

9  regarding the Taddeos,  Raad Kosa, Said Matti, and the Couturiers' personal property survive and all

10  other claims for conversion/trespass are dismissed.

11              A. Conversion Claim Against ConAm

12       Plaintiffs' only claims against ConAm are for Conversion/Trespass and Conspiracy.  (#761

13  Opp. at 6).  As noted above, Plaintiffs' conversion/trespass claim fails against ConAm because

14  Plaintiffs do not adequately plead that the HOA funds or the portions of the clubhouse were their

15  personal property.  Defendant ConAm also moves for dismissal on the separate grounds that

16  Plaintiffs lack jurisdiction because Plaintiffs failed to comply with the requirements of N.R.S.

17  38.310.  That Statute requires arbitration or mediation for any civil action based on the covenants,

18  conditions, or restrictions in residential property bylaws or the procedures used for altering

19  assessments on residential property.

20       Since the Court has determined that Plaintiffs' TAC does not state a claim against ConAm

21  for conversion, it need not determine whether N.R.S. 38.310 applies in this circumstance.  The

22  conspiracy and conversion/trespass claims against Defendant ConAm are dismissed.

23              5. Piercing the Veil

24       Piercing the Veil is a theory of liability, not a cause of action.  See e.g Local 159, 342, 343 &

25  444 v. Nor-Cal Plumbing, Inc., 185 F.3d 978, 985 (9th Cir. 1999).  Under Nevada law, to show that a

26  Plaintiff is entitled to relief under a theory of piercing the corporate veil Plaintiffs must set forth facts

1   showing: "(1) The corporation must be influenced and governed by the person asserted to be its alter

2   ego; (2) There must be such unity of interest and ownership that one is inseparable from the other;

3   and (3) The facts must be such that adherence to the fiction of separate entity would, under the

4   circumstances, sanction a fraud or promote injustice." <u>Truckers Ins. Exch. v. Swanson</u>, 124 Nev.

5   629 (Nev. 2008).

6          The allegations in the TAC are insufficient to maintain any causes of action through piercing

7   of the corporate veil.  Plaintiffs merely speculate that the Defendants are alter egos of one another

8   and that their corporate forms were  "set up with the express purpose of perpetrating fraudulent

9   conduct." (TAC ¶¶ 243, 245.)  Plaintiffs do not plead specific facts, and merely recite the elemnts of

10  veil piercing.  This is insufficient to show Plaintiffs are entitled to relief under this theory and will

11  not prevent dismissal of the other causes of action.

12          <u>6. Dismissal with Prejudice</u>

13          A district court may "deny leave to amend due to undue delay, bad faith or dilatory motive on

14  the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,

15  undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of

16  amendment.' " <u>Zucco Partners, LLC v. Digimarc Corp.</u>  552 F.3d 981, 1007 (9th Cir. 2009).  <u>See</u>

17  <u>also  Semegen v. Weidner</u>, 780 F.2d 727, 731 (9th Cir.1985) (dismissal with prejudice where

18  plaintiffs failed to plead with the requisite particularity after "repeated opportunities"); <u>O'Brien v.</u>

19  <u>National Property Analysts Partners</u>, 936 F.2d 674, 675–76 (2d Cir.1991) (third amended complaint

20  dismissed with prejudice).  A "district court's discretion to deny leave to amend is particularly broad

21  where plaintiff has previously amended the complaint." <u>In re Read–Rite Corp.</u>, 335 F.3d 843, 845

22  (9th Cir.2003).

23          In its September 30, 2010 order, the Court directly instructed Plaintiffs how to properly plead

24  claims for fraud.  The Court also warned that failure to file a complaint that complied with the

25  pleading requirements of the Federal Rules of Civil Procedure "will result in dismissal."  (#695 at

26  12).  Yet Plaintiffs failure to plead fraud with particularity and failure to adequately specify which

1     defendants did what have "persisted in every prior iteration of the [complaint]"). <u>Metzler Inv.</u>

2     <u>GMBH v. Corinthian Colls.</u>, Inc., 540 F.3d 1049, 1072 (9th Cir. 2008).  Based on the multiple failure

3     of Plaintiffs to successfully plead their Fraud Claims adequately, it appears further amendment

4     would be futile.  Accordingly, Plaintiffs' Fraud Claims are dismissed without leave to amend.

5     <u>IV.  Conclusion</u>

6         Accordingly, **IT IS HEREBY ORDERED** that (#709) the Motion to Dismiss Plaintiffs'

7     Third Amended Complaint filed by Defendants American Invsco Corporation, American Invsco

8     Realty, Inc., Condominium Rental Services, Inc., Nicholas Gouletas, Steven Gouletas, Invsco Group,

9     Ltd., Meridian Condominium Rental Services, Inc., SEG Nevada Consultants, Inc., and SEG Nevada

10     Members, LLC is **GRANTED** in part and **DENIED** in part.

11         **IT IS FURTHER ORDERED** that Plaintiffs' Fraud Claims are **DISMISSED WITHOUT**

12     **LEAVE TO AMEND**.

13         **IT IS FURTHER ORDERED** that Plaintiffs' Conspiracy claims are **DISMISSED**.

14         **IT IS FURTHER ORDERED** that the Breach of Contract and Implied Covenant of Good

15     Faith and Fair Dealing claims are **DISMISSED** as to all Defendants except Koval and Private

16     Residences, and CRS.

17         **IT IS FURTHER ORDERED** that the Conversion/Trespass claims are **DISMISSED** except

18     as to  Defendnats Invsco, Koval, CRS, and Desmet regarding loss of furniture, funds paid for the

19     purchase of furnishings, and loss of other personal property by the Taddeos,  Raad Kosa, Said Matti,

20     and the Couturiers.

21         **IT IS FURTHER ORDERED** that Defendant Countrywide Home Loans, Inc.'s Motion to

22     Dismiss (#728) is **GRANTED**.

23     //

24     //

25     //

26     //

1

**IT IS FURTHER ORDERED** that Defendant ConAm Management Corporation's Motion
2 to Dismiss (#731) is **GRANTED**.

3
DATED this 13th day of September 2011.

4

5

6
_____
Kent J. Dawson
7 United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26