# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FRANK TADDEO, *et al.*,

    Plaintiffs,

v.

AMERICAN INVSCO CORPORATION, *et al.*,

    Defendants.

Case No. 2:08-CV-01463-KJD-RJJ

**ORDER**

    Before the Court is Frank and Amelia Taddeo's Motion for Summary Judgment (#704) against Defendant Koval-Flamingo, LLC ("Koval"). Koval filed an opposition (#744) and the Taddoes filed a reply (#752).

I.  Background

    On or about October 6, 2006, Plaintiffs Frank and Amelia Taddeo purchased a condominium unit at the Meridian Luxury Condominiums. As part of the sales transaction, Koval rented back the Taddeos' unit at a rent of $4,000 per month plus Homeowners Association dues per month of $407.00 and real property taxes in the amount of $682.00 per month. The lease of the property ran from the date of purchase to October 31, 2009. According to the Taddeos, they never received a copy of the lease and received rental payments from various entities including Koval, Condominium

Rental Services ("CRS"), Meridian Condominium Rental Services, Inc. ("MCRSI"). The Taddoes did not receive rent from July 1, 2008 to the end of the lease.

The Taddoes now claim that, under the terms of the agreement, they are entitled to a total of $84,739.00 plus interest and attorneys' fees which constitutes 17 months of rent, taxes, HOA fees, and eviction expenses, offset against rent collected by the Taddoes during that period.

II.  Discussion

A. Legal Standard for Summary Judgment

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

All justifiable inferences must be viewed in the light must favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant. See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment). "[U]ncorroborated and self-serving testimony," without

2

more, will not create a "genuine issue" of material fact precluding summary judgment. <u>Villiarimo v. Aloha Island Air, Inc.</u>, 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322. Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party. See <u>Anderson</u>, 477 U.S. at 248.

### B.  Lease Between Taddeos and Koval

Koval claims that the Taddeos have not met their burden to show an absence of disputed material facts because the Taddeos have not proffered a copy of a lease between Koval and the Taddeos obligating Koval to pay rent.  In response, the Taddeos point to paragraph 5.9 in the Purchase Agreement which states that Koval transferred title subject to an existing lease.  Koval contends that the lease referenced in the Purchase Agreement is with Koval as lessor and a third party, Travilliant, as lessee. According to Koval, Travilliant is the only party obligated to pay rent on the unit.

The Taddeos have not satisfied this Court that there is no issue of fact remaining on this critical issue.  The plain language of the agreement does not show any obligation by Koval to pay rent under the lease.  Whether Koval ever agreed to pay the Taddeos rent for the unit is an issue material fact disputed by the parties.  Accordingly, summary judgment is precluded.

### C. Real Party in Interest

Fed R. of Civ. P 17(a)(1) requires that "[a]n action must be prosecuted in the name of the real party in interest."  This rule "is designed to ensure that lawsuits are brought in the name of the party possessing the substantive right at issue." <u>Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Service Bureau</u>, 701 F.2d 1276, 1282 (9th Cir.1983).

The Taddeos claim that they are entitled to an order granting summary judgment for the rents they seek.  Koval argues that the Taddeos assigned their rights to collect any rents due to a third party.  As evidence, Koval submits an Assignment of Rents provision in a Family Rider supplement

to the mortgage on the property between Taylor, Bean & Whitaker Mortgage Corp. and the Taddeos. Koval argues that this creates an issue of fact about whether the Taddeos are the real party in interest and entitled to the rents allegedly due. The Taddoes argue that this provision is triggered only when a notice of default has been issued. However, the plain language of the Family Rider does not support that assertion. Whether or not the Taddeos are entitled to the rent they seek is a material fact which is disputed by the parties. The evidence presented by Koval is sufficient to defeat summary judgment because whether or not the Taddeos have substantive right to the rent they are seeking is a genuine issue of fact for trial.

III.  Conclusion

Accordingly, **IT IS HEREBY ORDERED** that the Taddeos' Motion for Summary Judgment (#704) against Defendant Koval is **DENIED**.

DATED this14th day of September 2011.

_____
Kent J. Dawson
United States District Judge