UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

FRANK TADDEO, *et al.*,

    Plaintiffs,

v.

AMERICAN INVSCO CORPORATION, *et al.*,

    Defendants.

Case No. 2:08-CV-01463-KJD-RJJ

**ORDER**

    Before the Court is the Motion for Partial Summary Judgment (#707) filed by Plaintiffs Snap Properties, LLC, and Mary and Victor Heldt against Defendant Meridian Private Residences CH, LLC d/b/a The Meridian Luxury Suites ("MPR"). MPR filed an opposition (#739) to which Snap replied (#756).

I.  Background

    Plaintiffs Mary and Victor Heldt purchased a condominium unit at the Meridian Luxury Condominiums in May of 2006. As part of the sales transaction, Defendant CRS rented back the Heldt's unit at a rent of $3,777.00 per month plus Homeowners Association dues per month of $431.00 and real property taxes in the amount of $380.00 per month. The lease of the property ran from June 1, 2006 to May 31, 2008. On or about July 13, 2007, the lease was extended to March 31, 2010 subject to the Heldt's payment of $26,018.88 for improvement of the premises. On or around July 16, 2007, the Heldts transferred the equitable interest in the property to Snap Properties, LLC which is wholly owned by the Heldts.

On February 1, 2008, Snap entered into a Condominium Resort Lease with Defendant MPR for the lease of the unit.  Upon purchase of the property, the HOA raised the monthly assessments as stated above to $431.00. Real property taxes were $380.00 per month.  The last payment by MPR was made on June 1, 2008.  Snap obtained possession of the premises in November 2008.  In April 2009, Snap was able to rent the premises for $1,900.00, for that month only.  Thereafter, Snap has been renting the premises at $550.00 per month and the total amount of rent received as of March 1, 2010 is $7,950.00.  Snap now contests that, as of March 1, 2010, MPR owes Snap for 21 months less the $7,950.00 for a total of $88,398.00 plus $1,000.00 in legal costs for the eviction.

II.  Discussion

    A. Legal Standard for Summary Judgment

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The moving party bears the initial burden of showing the absence of a genuine issue of material fact.  See Celotex, 477 U.S. at 323.  The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

All justifiable inferences must be viewed in the light must favorable to the nonmoving party.  See Matsushita, 475 U.S. at 587.  However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials provided by Rule 56(e), showing there is a genuine issue for trial.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant.  See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345

(9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment).  "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. <u>Villiarimo v. Aloha Island Air, Inc.</u>, 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322.  Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party.  See <u>Anderson</u>, 477 U.S. at 248.

### B.  Real Party in Interest

Fed R. of Civ. P 17(a)(1) requires that "[a]n action must be prosecuted in the name of the real party in interest."  This rule "is designed to ensure that lawsuits are brought in the name of the party possessing the substantive right at issue." <u>Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Service Bureau</u>, 701 F.2d 1276, 1282 (9th Cir.1983).

Snap and the Heldts claim that they are entitled to an order granting summary judgment for the rents they seek.  MPR argues that the Heldts assigned their rights to collect any rents due to a third party.  As evidence, MPR points to a Assignment of Rents provision in a Family Rider supplement to the mortgage on the property between GMAC Mortgage Corporation and the Heldts.  MPR argues that this creates an issue of fact about whether the Heldts are the real party in interest and entitled to the rents allegedly due.  Plaintiffs argue that this provision is triggered only upon default, but the language of the Family Rider does not support that assertion.  Additionally, MPR argues that Snap is a not party to the lease upon which the claim here is asserted.

Whether or not the Heldts are the real party in interest entitled to the rent they seek, and whether or not Snap has standing to pursue its claim for rent are material facts which are disputed by the parties.  The evidence presented by MPR is sufficient to defeat summary judgment because whether or not Snap or the Heldts have a substantive right to the rents sought is a genuine issue of fact for trial.

C.  Lease Term on Rentablility of Property

Nevada courts interpret an unambiguous contract, which is not reasonably susceptible to more than one interpretation, according to its plain meaning.  <u>Canfora v. Coast Hotels and Casinos, Inc.</u>, 121 Nev. 771, 121 P.3d 599, 603 (Nev. 2005) (per curiam).  A clear and unambiguous contract "cannot be distorted into meaning anything other than what is implied by the language used[.]" <u>Talbot v. Nev. Fire Ins. Co.</u>, 52 Nev. 145, 283 P. 404, 405 (Nev. 1930).

The Lease states that, "if the Property is not rentable for … for a period exceeding 30 consecutive days, the Lessee may terminate this Agreement immediately and without prior notice of any kind" (Motion Exhibit No. 1 ¶6(d)).  According to the Third Amended Complaint ("TAC") of Plaintiffs, in June 2008, Clark County, Nevada determined that the Unit was not rentable under the terms of the licenses and uses granted to Meridian CH (TAC ¶ 90).  MPR argues that the Clark County District Attorney's Office issued a "cease and desist order" which prohibited the rental of the unit and made it "unrentable."  The term in the contract permitting MPR to terminate the lease if the unit is unrentable is unambiguous.  Whether the unit was "rentable" during the period for which Plaintiffs seek rent is highly material.  MPR has pointed to evidence that the unit was not rentable beginning in June 2008.  This raises an issue of material fact disputed by MPR and is sufficient to preclude summary judgment.

III.  Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Snap Properties, LLC, Mary and Victor Heldt's Motion for Partial Summary Judgment (#707) against Defendant MPR is **DENIED**.

DATED this 14th day of September 2011.

_____
Kent J. Dawson
United States District Judge