# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

FRANK TADDEO, *et al*.,

     Plaintiffs,

v.

AMERICAN INVSCO CORPORATION, *et al*.,

     Defendants.

Case No. 2:08-CV-01463-KJD-RJJ

**ORDER**

     Before the Court is Defendant Shayna Goldstein's Motion to Dismiss (#740).  Above named Plaintiffs filed an opposition (#757) and Goldstein filed a reply (#765).

I.  Background

     This case arises out of a sale of condominium units at the Meridian Private Residences.  The general background of this case is set forth in the Court's September 13, 2011 Order (#843).  Defendant Goldstein was a realtor for Plaintiffs Victor and Mary Heldt.  Goldstein is alleged to have informed the Heldts about the property that is the subject of this litigation and acted as the Heldts' real estate agent in the transaction.

II.  Legal Standard

     Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted."  A properly pled complaint must provide "a short

and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (citing <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." <u>Twombly</u>, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." <u>Iqbal</u>, 129 S. Ct. at 1949 (internal citation omitted).

In <u>Iqbal</u>, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the Court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. <u>Id.</u> at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. <u>Id.</u> at 1949. Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief. <u>Id.</u> at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. <u>Id.</u> at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." <u>Id.</u> (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. <u>Twombly</u>, 550 U.S. at 570.

III.  Discussion

A.  Fraud Claims

Plaintiffs' claims for Misrepresentation/Negligent Misrepresentation, Securities Violations (except failure to register claims), Deceptive Trade Practices/Fraud based on violation of NRS 598.0915(15), Deceptive Trade Practices/Fraud based on violation of NRS 598.0923(1), and Inflated Appraisals-Misrepresentation (the "Fraud Claims") each sound in fraud.

1    The Fraud Claims have been dismissed against other Defendants because they fail to state the

2  fraud claims with the required particularity of Fed. R. Civ. P 9(b).  (See #843).  For the same reasons

3  laid out in the Court's prior order (#843), the Fraud Claims are also inadequately pled against

4  Goldstein.  Goldstein is referenced by name in the TAC 18 times.  She has exhaustively

5  demonstrated that none of the allegations of fraud relating to her meet the heightened pleading

6  standards of Rule 9(b).  Specifically, Plaintiffs fail to allege any particular facts showing that

7  Goldstein made false statements or omitted material facts, that Goldstein knew her statements were

8  untrue at the time they were made, or that Plaintiffs relied on her statements or suffered damage

9  thereby.  Accordingly, the Fraud Claims are dismissed against Goldstein.

10    B.  Sale of Unregistered Securities

11      1. Statute of Limitations

12    The Court has dismissed the Fraud Claims, including those arising under federal securities

13  law.  Plaintiffs also allege that Goldstein sold unregistered securities in violation of state and federal

14  law and is liable under 15 U.S.C. §77l(a)(1).  (TAC ¶ 835.)  Section 13 of the 1933 Securities Act,

15  codified at 15 U.S.C. § 77m, requires a claim brought under Section 12, codified at 15 U.S.C. § 77l,

16  be brought within certain proscribed periods.

17  Specifically:

18      [n]o action shall be maintained to enforce any liability created under . . . 77l(a)(2) of
       this title [Section 12(2) of the 1933 Act] unless brought within one year after the
19      discovery of the untrue statement or the omission, or after such discovery should
       have been made by the exercise of reasonable diligence, or, if the action is to enforce
20      a liability created under section 77l(a)(1) of this title [Section 12(1) of the 1933 Act],
       unless brought within one year after the violation upon which it is based. In no event
21      shall any such action be brought to enforce a liability created under . . . 77l(a)(1) of
       this title more than three years after the security was bona fide offered to the public,
22      or under section 77l(a)(2) of this title more than three years after the sale.

23  15 U.S.C. § 77m.

24    The Heldts, for whom Goldstein acted as agent, closed their sale on May 24, 2006 (TAC

25  ¶787).  The complaint in this action was filed September 26, 2008.  Since Plaintiffs failed to bring

26

3

1    their claim within the one-year period, it is barred.   Accordingly, all of Plaintiffs' federal securities

2    claims are dismissed against Goldstein.

3          C. Other Claims

4          Plaintiffs' Fraud Claims and federal securities claims have been dismissed against Goldstein.

5    The generalized language of the TAC's could be construed as making claims against Goldstein for

6    breach of contract, breach of the implied covenant of good faith and fair dealing,

7    conversion/trespass, or conspiracy or alleging liability through piercing the veil or through vicarious

8    liability.  Plaintiffs pled these claims against Goldstein by grouping her with many other defendants

9    in general and formulaic allegations.  These claims against Goldstein in the  TAC do not satisfy the

10   requirements of Fed. R. Civ. P. 8(a)(2) which requires "a short and plain statement of the claim

11   showing that the pleader is entitled to relief."  Accordingly, these claims are dismissed.

12          D.  Dismissal Without Leave to Amend

13          A district court may "deny leave to amend due to undue delay, bad faith or dilatory motive on

14   the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,

15   undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of

16   amendment.' " Zucco Partners, LLC v. Digimarc Corp.  552 F.3d 981, 1007 (9th Cir. 2009).  See

17   also  Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir.1985) (dismissal with prejudice where

18   plaintiffs failed to plead with the requisite particularity after "repeated opportunities"); O'Brien v.

19   National Property Analysts Partners, 936 F.2d 674, 675–76 (2d Cir.1991) (third amended complaint

20   dismissed with prejudice).  A "district court's discretion to deny leave to amend is particularly broad

21   where plaintiff has previously amended the complaint." In re Read–Rite Corp., 335 F.3d 843, 845

22   (9th Cir.2003).

23          In its September 30, 2010 order, the Court directly instructed Plaintiffs how to properly plead

24   claims for fraud.  The Court also warned that failure to file a complaint that complied with the

25   pleading requirements of the Federal Rules of Civil Procedure "will result in dismissal."  (#695 at

26   12).  Yet Plaintiffs' failure to plead fraud with particularity and failure to adequately specify which

                                                     4

1  defendants did what have "persisted in every prior iteration of the [complaint]").  <u>Metzler Inv.</u>

2  <u>GMBH v. Corinthian Colls., Inc.</u>, 540 F.3d 1049, 1072 (9th Cir. 2008).  Further, the federal

3  securities claims against Goldstein are barred by the statute of limitations and amendment would be

4  futile.  Accordingly, Plaintiffs' Fraud Claims and federal securities claims are dismissed without

5  leave to amend.

6  <u>IV.  Conclusion</u>

7       **IT IS HEREBY ORDERED** that Defendant Shayna Goldstein's Motion to Dismiss (#740)

8  is **GRANTED**.

9       **IT IS FURTHER ORDERED** that Plaintiffs' Fraud Claims and federal securities claims are

10  **DISMISSED WITHOUT LEAVE TO AMEND**.

11       DATED this 15th day of September 2011.

14  _____
    Kent J. Dawson
15  United States District Judge

5