# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FRANK TADDEO, *et al.*,

    Plaintiffs,

v.

AMERICAN INVSCO CORPORATION, *et al.*,

    Defendants.

Case No. 2:08-CV-01463-KJD-RJJ

**ORDER**

    Before the Court is the Plaintiffs' Motion to Amend/Correct Complaint (#893). Defendant Koval Flamingo, LLC filed a response (#900) to which Defendants American Invsco Corporation, American Invsco Realty, Inc., Condominium Rental Services, Inc., Nick Gouletas, Steven Gouletas ("AI Defendants) joined (#901). Plaintiffs have filed a reply (#902).

    On April 18, 2012, the Court issued an Order (#905) requiring Plaintiffs to show cause on the following issues: (1) why the Court should not sever the parties; (2) why plaintiffs not named in the operative complaint should be permitted to join the action; (3) why each Plaintiff should not pay a filing fee; (4) why the securities claims are not barred by the statue of limitations (5) why each severed plaintiff should not be required to present a proposed complaint to the Court; and (6) why venue is proper in the District of Nevada.

Plaintiffs filed a response to the Order to Show Cause (#906) to which Defendant Koval Flamingo filed a reply (#909) to which the AI Defendants joined. On May 22, 2012 the Court heard argument on the Order to Show Cause.

I. Background

This case arises out of a sale of condominium units at the Meridian Private Residences. The general background of this case is set forth in the Court's September 13, 2011 Order (#843). Class certification has been denied (#837) and many of Plaintiffs' claims have been dismissed (#843). Plaintiffs have moved for leave to file a proposed Fourth Amended Complaint seeking to create a single action with approximately 200 plaintiffs.

II. Discussion

A. Severance

Fed. R. Civ. P. 20(a)(1) permits the joinder of multiple parties as plaintiffs when "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action." If permissive joinder is not appropriate, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance. Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir.1997). The court can generally dismiss all but the first named plaintiff without prejudice to the institution of new, separate lawsuits by the dropped plaintiffs. See, e.g. Helm v. Alderwoods Group Inc., 2011 WL 2837411, 1 (N.D. Cal. 2011) (upon denial of class certification, court severed individually named plaintiffs).

The Court has determined that the claims of the named parties do not arise out of the "same transaction or occurrence" since they involve sales of different units to different parties at different times. Additionally, if the claims were joined, the Court would be required to conduct dozens of trials within a trial to establish the facts of each individual transaction. Where the Court is required to give each claim individualized attention, the separate actions lack the requisite common questions of law and fact necessary to permit joinder. See Carter v. Foulk, 2009 WL 839105, (N.D.Cal. 2009)

2

(denying joinder where individualized attention to each party's claim is required). The Court has determined that requiring the parties to file separate lawsuits would not result in prejudice.

Accordingly, the Court orders that the actions are severed and that each of the parties to the Third Amended Complaint (#701) file a new and separate action which will be assigned a new case number and proceed separately before this Court.[1] The new and separate actions must be filed by June 30, 2012. The Court further orders that each of the cases will be consolidated before this Court for purposes of discovery. The parties to each of the severed actions are required to pay a filing fee.

The Court also denies the Motion for Leave to File (#893) the proposed Fourth Amended Complaint, which seeks to add additional plaintiffs, because the proposed additional plaintiffs' claims would arise from separate transactions or occurrences and cannot properly be joined.

B. Statute of Limitations on Securities Claims

The only remaining securities claim asserted by Plaintiffs is failure to register pursuant to 15 U.S.C. 77e. (See Order #843 at 5:9 dismissing all securities claims except failure to register claim.) The Ninth Circuit has held that the limitations periods in 15 U.S.C. § 77m are applicable to failure to register claims arising under 15 U.S.C. § 77e. Stitt v. Williams, 919 F.2d 516, 521 (9th Cir. 1990); see also, In re National Mortg. Equity Corp. Mortg. Pool Certificates Sec. Litigation, 682 F. Supp. 1073, 1077 n. 3 (C.D. Cal. 1987). 15 U.S.C. § 77m expressly provides that "[i]n no event shall any [such] action be brought … more than three years after the security was bona fide offered to the public." This portion of Section 77m establishes a "statute of repose," not merely a statute of limitations. P. Stolz Family P'ship L.P. v. Daum, 355 F.3d 92, 102-103 (2nd Cir. 2004) (holding that statute of repose limits right to initiate suit against a defendant after a legislatively determined time

---

[1] The parties to the Third Amended Complaint are Frank Taddeo, Amelia Taddeo, Mary Heldt, Victor Heldt, Bruce Couturier, Eleanor Couturier, Raghid B. Kosa, Basil Kosa, Nasir Kosa, Maha Kosa, Wisam B. Kosa, Raad Kosa, Saiid Matti, Shahin Edalatdju, Nasila Edaltdju, and Snap Properties, LLC. Related parties on the same deed or same transaction may file a single complaint. Where parties were involved in more than one transaction, the parties to the transactions may file a single complaint with separate claims.

3

period). Most courts construe the repose period in 15 U.S.C. §77m to run from the time of first offer of the security to the public. Id.

This action was originally filed on September 26, 2008. Plaintiffs have submitted evidence that several sales took place as early as June 13, 2005 and concede that "A few Plaintiffs purchased their units prior to September 26, 2005." (See #893 at 44, #905 at 4.) This demonstrates that the alleged security was offered to the public on or before June 13, 2005. Since this action was not filed within three years of the first offer to the public, the failure to register claims are barred by the statute of repose.

III. Conclusion

**IT IS HEREBY ORDERED THAT** Plaintiffs' Motion to Amend/Correct Complaint (#893) is **DENIED**.

**IT IS FURTHER ORDERED THAT** the individual actions are severed and that each of the parties to the Third Amended Complaint (#701) file a new and separate action which will be assigned a new case number and proceed separately before this Court. The new and separate actions must be filed by June 30, 2012.

**IT IS FURTHER ORDERED** that each of the severed cases will be consolidated before this Court for purposes of discovery.

**IT IS FURTHER ORDERED** that the parties to each of the severed actions are required to pay a filing fee.

**IT IS FURTHER ORDERED** that the claims for failure to register pursuant to 15 U.S.C. § 77e are **DISMISSED**.

DATED this 30th day of May 2012.

_____
Kent J. Dawson
United States District Judge